Argued September 15, affirmed November 24, 1971

BAILEY, *Appellant, v.* MEAD ET AL, *Respondents.*

492 P2d 798

*Allen L. Fallgren,* Portland, argued the cause for appellant. With him on the brief were McKee and Fallgren, Portland.

*Austin W. Crowe, Jr.,* Portland, argued the cause for respondent Cabantoy. With him on the brief were Maguire, Kester & Cosgrave, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, HOWELL, and BRYSON, Justices.

BRYSON, J.

This is an action at law to recover damages for personal injuries. Plaintiff was a passenger in the car driven by defendant Cabantoy, which was involved in a collision with a car driven by defendant Mead. The accident occurred at the intersection of N. E. Portland Boulevard and N. E. Union Avenue in Portland, Oregon.

Plaintiff alleges that each of the defendants were negligent in failing to keep a proper lookout, in failing to keep the vehicle under control, in driving at an excessive speed, and in failing to obey the traffic signal at the intersection.

During opening statements plaintiff's counsel told the jury:

"This is a question of who had the green light. Mrs. Bailey and her driver, Jack Cabantoy, will both testify that they were approaching the intersection in the center lane of traffic, and as they were approaching the intersection about half-a-block back the light turned green for them. They continued on into the intersection."

The jury was also told that plaintiff had taken the deposition of defendant Mead and that Mead was claiming that "* * * as he was aproaching the inter-

section that he had the green light." At the conclusion of opening statements, counsel for defendant Cabantoy moved the court "for an order of involuntary non-suit against the plaintiff based on the statements made by plaintiff's counsel in opening statement that the issue in this case is who had the green light," and that "* * * plaintiff's opening statement constitutes a judicial admission." Counsel for defendant Mead joined in the motion.

The court was inclined to grant the motion for involuntary nonsuit against the plaintiff and in favor of defendant Cabantoy when the plaintiff requested that she be allowed to make an offer of proof outside the presence of the jury. The plaintiff was called as a witness and testified as follows:

"Q [Counsel for plaintiff] * * * Now, as you were approaching the intersection of Northeast Portland Boulevard and Union Avenue, and prior to entering the intersection, did you observe the traffic light?

"A Yes, I did.

"Q And what color was the traffic light for eastbound traffic on Portland Boulevard at the time your vehicle [Cabantoy's vehicle] entered the intersection?

"A *It was green when we entered the intersection.* (Emphasis added.)

On cross-examination plaintiff was asked:

"Q Isn't it a fact that when your deposition was taken you stated you saw Mr. Mead's car when it was half-a-block back?

"A Yes, I judged it was about half-a-block away.

"Q In your opinion, Mr. Cabantoy did nothing wrong in the operation of his car, did he?

"A No, he didn't."

After this testimony, the court allowed the motion for involuntary nonsuit in favor of defendant Cabantoy and against the plaintiff, and denied the motion of defendant Mead. The plaintiff's case was submitted to the jury as to defendant Mead and the jury returned a verdict in favor of defendant Mead.

Plaintiff contends that "[t]he court erred in granting a judgment of involuntary nonsuit based upon the opening statement of plaintiff's counsel that plaintiff and her driver [Cabantoy] would both testify that the Cabantoy vehicle had the green light."

In *Palmer v. Murdock et al,* 233 Or 334, 343, 378 P2d 271 (1963), this court stated:

> "When the court passes upon a motion for involuntary nonsuit made before presentation of the evidence at trial, plaintiff is entitled to every reasonable conjecture as to what the evidence might show as long as it is not inconsistent with the evidence described in the opening statement. We cannot say that plaintiff could not have presented evidence supporting his theory. * * * Only in rare situations should a case be decided upon the basis of an opening statement * * *." (Cited cases omitted.)

In a concurring opinion, Justice Lusk stated:

> "* * * I agree, however, that this [whether or not a motion of involuntary nonsuit should be allowed against the plaintiff based on opening statements] is a question to be determined not on the opening statement of counsel, *but after the evidence on behalf of the plaintiff has been received* * * *." (Emphasis added.) 233 Or at 344.

*See also, Sadler v. Sisters of Charity,* 247 Or 50, 51, 426 P2d 747 (1967).

Plaintiff contends that her oral admissions are not conclusively binding on her and that she is entitled

to have the jury consider the admissions given, along with all the other evidence; that plaintiff's complaint alleged that not only did defendant Cabantoy fail to obey the traffic signal, but also that he was negligent in failing to maintain a proper lookout, in driving at an excessive speed, and in failing to have his car under control.

We agree that if this case was before us solely on the basis of the opening statement of plaintiff's counsel, the motion for involuntary nonsuit should not have been granted.

On the basis of the opening statement, we could not say that plaintiff could not have presented evidence of defendant's negligence on one or more of her allegations of negligence.

However, plaintiff requested permission to make an offer of proof by taking the stand to testify outside of the presence of the jury. Neither defendant objected to this procedure and, although somewhat unorthodox, the experienced trial judge granted the request.[1]

The case is distinguishable on the facts from both *Palmer, supra,* and *Sadler, supra.* In those cases there was no testimony taken. Although plaintiff's verified pleadings allege that defendant Cabantoy was negligent in failing to obey the traffic signal at the intersection, she testified, during her offer of proof,

---

[1] Oregon statutory law does not provide for such an offer of proof in an action at law. *See* ORS 17.515(2), 17.045(2) (in equity cases); Stillwell v. S.I.A.C., 243 Or 158, 162, 411 P2d 1015 (1966) (offer of proof not necessary as to matter sought by cross-examination); Beemer v. Lenske, 241 Or 47, 402 P2d 90 (1965); Arthur v. Parish, 150 Or 582, 47 P2d 682 (1935); Rule 43(c) of the Federal Rules of Civil Procedure specifically provides when and how the record is to be made. *See* 9 ALR3d 508.

that the traffic light was green for her driver, Cabantoy. She further testified that Cabantoy "* * * *did nothing wrong in the operation of his car." (Emphasis added.)

The admissions made by the plaintiff during her offer of proof are binding upon her.

"* * * [A] judicial admission is one made by a party or his attorney for the purpose of dispensing with proof of a fact in issue * * *." (Cases cited omitted.) Foxton v. Woodmansee, 236 Or 271 at 278, 386 P2d 659 (1963).

In *Morey, Administratrix v. Redifer et al,* 204 Or 194, 214, 282 P2d 1062 (1955), this court stated:

"* * * When a party to an action or suit * * * testifies deliberately to a concrete fact, not as a matter of opinion, estimate, appearance, inference, or uncertain memory, but as a considered circumstance of the case, his adversary is entitled to hold him to it as a judicial admission. If no mistake is claimed or shown, the party so * * * testifying to a concrete fact cannot have the benefit of other evidence tending to falsify it. *Valdin v. Holteen and Nordstrom,* 199 Or 135, 144, 260 P2d 504; Note, 169 ALR 798, 800."

*See also, Jarvis et ux v. Indemnity Ins. Co.,* 227 Or 508, 545, 363 P2d 740 (1961), "See, McCormick, Evidence (1954) § 243; Note, Evidence—Party's Testimony as Judicial Admission, 5 W Res L Rev 398 (1954)."

Although the opening statement of plaintiff's counsel would not prevent plaintiff from presenting her case to the jury, her testimony precludes her from recovery against defendant Cabantoy.

Affirmed.

McALLISTER, J., concurs in the result.