# PACIFIC NORTHWEST DEVELOPMENT CORPORATION, *Respondent, Cross-Appellant,*
### *v.*
# HOLLOWAY et ux, *Appellants, Cross-Respondents.*

546 P2d 1063

*Rita Radich* of Toran and Radich, Portland, argued the cause for appellants. On the brief was John Toran, Jr., Portland.

*Carlton D. Warren,* Portland, argued the cause for respondent. With him on the brief were Robert L. Kirkman, and Solomon, Warren, Killeen & Kirkman, Portland.

BRYSON, J.

## BRYSON, J.

Plaintiff brought this forcible entry and detainer action in the District Court for Multnomah County to recover possession of an apartment unit. As an affirmative defense, defendants alleged that plaintiff's "notice to vacate was not given in good faith."[1] The jury specially found that plaintiff had not acted in good faith[2] and the district court entered judgment, including attorney fees,[3] costs and disbursements, in favor of defendants.

Pursuant to ORS 46.250 plaintiff appealed to the circuit court. The case was tried de novo to the court, which found: "Defendants have failed to sustain the burden of proof in regard to Defendants' affirmative defense of lack of good faith," and that "[plaintiff] acted in good faith in the serving of the said 30-day Notice to Quit" and entered judgment in favor of plaintiff. Defendants now appeal from the circuit court judgment.

The only issue is whether the circuit court could properly try the case de novo and render judgment which in effect erased the district court's judgment, including attorney fees awarded to defendants. The record shows that after the district court had rendered judgment defendants voluntarily relinquished possession of the premises to plaintiff.

Since these facts moot the issue of possession raised

---

[1] The Residential Landlord and Tenant Act (ORS 91.700 to 91.865) imposes an "obligation of good faith" as a condition to the exercise of a right or remedy arising under the Act. ORS 91.730.

[2] ORS 105.150 provides:
"If the action is tried by a jury and they find the complaint * * * true in part, they shall render a verdict setting forth the facts they find, and the court shall render judgment according to the verdict."

[3] ORS 91.755 provides:
"In any action on a rental agreement or arising under ORS 91.700 to 91.865, reasonable attorney fees may be awarded to the prevailing party together with costs and necessary disbursements * * *. As used in this section, 'prevailing party' means the party in whose favor final judgment is rendered."

by plaintiff's f.e.d. action, defendants contend that "plaintiff had no right to appeal to the Circuit Court * * * because the object of the FED proceeding [possession] had been attained."[4]

Plaintiff contends that the purpose of its appeal was to review the district court's award of attorney fees and that "an appeal may be taken from an award of attorney fees even though other aspects of the litigation * * * are moot."

■■ Although the basic controversy between the parties—possession—was moot, plaintiff was not precluded from challenging on appeal the district court's judgment awarding attorney fees. The award of attorney fees was a money judgment subject to review on appeal. *See Dean Vincent, Inc. v. Krishell Laboratories,* 271 Or 356, 532 P2d 237 (1975); *Highway Com. v. Zachary et al,* 230 Or 381, 370 P2d 237 (1962); *Billion v. Billion,* 122 Or 68, 256 P 389 (1927); *Taylor v. Taylor,* 70 Or 510, 528, 134 P 1183, 140 P 999 (1914).

The rule is stated in 8 Bancroft & Whitney, Code Practice and Remedies 8283, § 6230 (1928):

"* * * Nor will an appeal be dismissed because the primary issue between the parties has ceased to exist, if any legal, substantial right of one of the parties, other than the question of costs, depends on the decision of the case."

Further,

"* * * A question will not be regarded as moot, even though * * * the happening of some event may have rendered it moot in some respects, if there are still rights or liabilities that may be affected by its determination." 5 Am Jur 2d, Appeal and Error 209, § 766 (1962).

To the same effect see *Kelite Prod., Inc. v. Brandt et al,* 206 Or 636, 650-51, 249 P2d 320 (1956) (cause not

---

[4]Defendants moved to dismiss plaintiff's appeal in the circuit court. The Presiding Judge and the trial judge both denied the motion.

moot where issue of liability on undertaking for injunctive relief still undetermined).

Furthermore, because the right to attorney fees was dependent upon the correctness of the district court's judgment,[5] the circuit court was obligated to review the correctness of that judgment.[6]

██  Nonetheless, defendants contend plaintiff's appeal to the circuit court was an appeal from the district court's "cost" award and, therefore, not appealable, relying on *Moores v. Moores,* 36 Or 261, 266, 59 P 327 (1899). ORS 91.755, under which attorney fees were granted as part of defendants' judgment against plaintiff in the district court, does not provide for attorney fees as costs and therefore this case is distinguishable from *Moores v. Moores, supra.* See *Bivvins v. Unger,* 263 Or 239, 241-42, 501 P2d 1262 (1972); *Gleason et al v. Thornton,* 210 Or 666, 674, 313 P2d 776 (1957).

Affirmed.

---

[5]This case is unique in that the question of attorney fees, being an incident to judgment, cannot be separated from the merits of plaintiff's f.e.d. action. Only the party who is entitled to final judgment can recover attorney fees. ORS 91.755.

[6]The circuit court concluded that the district court had erred because (1) "[plaintiff] acted in good faith in the serving of the said 30-day Notice to Quit" and (2) that on November 23, 1973, the date plaintiff filed its original complaint, plaintiff was rightfully entitled to possession of the apartment unit.