Argued and submitted September 14, 1979, resubmitted in banc May 9,
affirmed in part, reversed in part and remanded May 12, 1980

# OWEN J. JONES & SON, INC., et al,
## *Respondent,*
### *v.*
# GOSPODINOVIC, et al,
## *Appellant.*
### (No. 63027, CA 13804)
#### 610 P2d 1238

Douglas G. Ward, Salem, argued the cause and filed the brief for appellant.

David R. Trachtenberg, Portland, argued the cause for respondent. With him on the brief were Kobin & Meyer and John Spencer Stewart, Portland.

TANZER, J., pro tempore.**

---

**Appointed to Supreme Court January 21, 1980.

**TANZER, J.,** pro tempore.

The plaintiffs in this forcible entry and detainer (FED) action sought possession of commercial premises which defendant had occupied under a written lease with plaintiffs. The action was tried to the court, and the plaintiffs obtained judgment for restitution of the premises, costs and disbursements, attorney fees of $1,000, and the amount of a $3,000 cash bond the defendant had posted when the court granted her motion for a continuance. Defendant appeals.

The issues raised by defendant's seven assignments of error are ancillary to the only question involved in an FED action relating to commercial property: the plaintiff's right to possession of the premises in dispute, *Grove v. The Hindquarter Corporation,* 45 Or App 779, 609 P2d 840 (1980), which is not disputed on this appeal. Rather, defendant challenges the awards to plaintiffs of the cash bond, posted pursuant to ORS 105.140(1) as an incident to granting defendant a continuance, and attorney fees, and the trial court's denial of defendant's plea in abatement and motion to dismiss the action as moot. The latter issues require a brief statement of the history of the case.

This is one of two actions between the parties that arose from their relation of landlord and tenant. The other was an action for rent which was pending when this FED action was tried. The dispute arose in April, 1978, when defendant began withholding monthly rental payments to plaintiffs, contending plaintiffs had breached the lease by failing to repair the roof and gutters of the leased premises.

This FED action was filed on August 24, 1978. Defendant was personally served with the summons and complaint on October 23, 1978. Counsel for the parties agreed on October 23 to reset the trial date to November 28, but the first appearance in court by either party was on December 1, 1978, when the court denied defendant's plea in abatement which had been

filed in the interim. At that same hearing the trial court granted defendant's motion for a continuance, conditioned on the defendant posting a bond in the amount of $3,000 "to cover a portion of the rent accruing during the course of the case." The trial court also reset the trial date to December 28, 1978. Four of defendant's seven assignments of error challenge the denial of the plea in abatement and the amount of the bond.

When the parties appeared for trial on December 28, defendant represented to plaintiffs and to the court prior to trial that she had vacated the premises, and she tendered to plaintiffs the keys thereto. Plaintiffs accepted the keys, and defendant then moved the court to dismiss the action as moot. Defendant argued that the only question presented in the FED action is the plaintiffs' right to possession, *see Schroeder v. Woody,* 166 Or 93, 109 P2d 597 (1941), and, because plaintiffs now had possession, the action was moot. The trial court's order denying the motion is the basis for two of defendant's assignments of error.

The remaining assignment of error is that the trial court erred in allowing plaintiffs to recover their attorney fees.

## THE PLEA IN ABATEMENT

The basis for defendant's plea in abatement was the pendency of the action for rent. Defendant contends that the two actions involved "the same alleged breach" of the lease agreement (*i.e.,* nonpayment of rent) and that inasmuch as the FED action was filed later, she was entitled to await judgment in the action for rent to avoid "possible conflicting results that could be rendered in the two cases."

Defendant acknowledges that the statutory provision for pleas of abatement in Oregon, former ORS 16.200(2), was repealed by Oregon Laws 1975, ch 158, § 6, but argues that a plea in abatement existed at common law and that relief in the nature of abatement survives repeal of the statute. Assuming for argument

[104]

that such is the case, the plea, nevertheless, was properly denied.

The conditions necessary to sustain a plea in abatement were stated by the Supreme Court in *Mursener v. Forte et al.,* 186 Or 253, 274, 205 P2d 568 (1949):

> "Identity of parties, causes of action, issues, and relief is necessary to the abatement of one of two actions by reason of the pendency of the other." (Citation omitted.)

To the same effect is *Ukase Inv. Co. v. Smith,* 92 Or 337, 345, 181 P 7 (1919), where it was held that the plea is not good unless the judgment in the first action would bar a judgment in the second. *And see Lexton-Ancira, Inc. v. Kay,* 269 Or 1, 12, 522 P2d 875 (1974). Though the defendant's nonpayment of rent may be an issue in both the FED action and the action for rent, it does not follow that all issues raised in the two actions are identical. In the FED action the amount of unpaid rent is not an issue; in the other action it is the principal issue. Moreover, the relief available under each action is different. The principal relief in an FED action is a judgment for restitution of the premises, while the action for rent seeks a money judgment. If defendant were legally entitled to withhold rent, as she claims, she would not be in default and plaintiffs would not be entitled to possession of the premises if that were the only default giving rise to the FED. The resolution of that issue would be *res judicata* in the other action. Those judgments could not, therefore, be "conflicting results," as defendant suggests. Nor would a judgment for plaintiffs in the FED action bar a judgment in the other. The two kinds of actions may be joined under ORS 16.221(2), but joinder is not required. The trial court properly refused to abate the FED action.

### THE CONTINUANCE BOND

The requirement that a defendant in an FED action post a bond or undertaking upon being granted a continuance is found in ORS 105.140(1):

> "No continuance shall be granted for a longer period than two days unless:
>
> (1) The defendant applying therefor gives an undertaking to the adverse party with good and sufficient security, to be approved by the court, conditioned for the payment of the rent that may accrue if judgment is rendered against the defendant. * * *"

By requiring defendant to post a bond in the amount of $3,000, the trial court intended the amount of the bond "to cover a portion of the rent accruing during the course of the case," by which the trial court meant the period beginning on August 24, 1978, when the action was filed. Defendant contends, however, that the period to be covered by the bond started with the granting of the continuance on December 1, 1978. Because the amount of the monthly rent payments was $1,258.69, defendant contends the bond was excessive and, in effect, a device for recovering alleged arrearages in rent that cannot be recovered in an FED action.

The allusion in the statute to the period during which "rent * * * may accrue" refers to the time between the granting of a continuance on a defendant's application therefor and the date judgment is rendered. A different view is expressed in *Lindsey v. Normet,* 405 US 56, 78, n 25, 92 S Ct 862, 31 L Ed 2d 36 (1972).[1] Notwithstanding, that view is inconsistent with an earlier interpretation of the statute in *Friedenthal v. Thompson,* 146 Or 640, 646, 31 P2d 643 (1934), which the Court in *Lindsey* does not cite and which we deem controlling:

> "The statute *[i.e.,* Oregon Code 1930, § 5-217, which is now ORS 105.140(1)] does provide that the trial court of such [FED] actions may not be continued for more than two days, unless the defendant

---

[1] "The [ORS] 19.040(b) undertaking [on appeal] does not, it is true, cover any rent that has accrued from the time the FED action is *filed* until the time the appeal is taken. However, the [ORS] 105.145 *[sic: see* ORS 105.140] continuance bond filed by the tenant if the pretrial delay is over six days provides security for this rent, or such rent may be recovered as back rent in the [ORS] 91.220 action at law [for rent due]." (Emphasis supplied.)

applying for such continuance puts up an approved bond for the payment of any rent that may accrue *during the continuance. * * * A large proportion of the forcible entry and detainer cases arise out of nonpayment of rent. Defendant should not object to paying the rent that accrues *during the time the court permits him to remain in the premises by reason of the continuance of the action.* The plaintiff should not be kept out of possession without, at least, such an assurance that the accruing rent will be paid if he wins his case." (Emphasis supplied.)

A construction of an Oregon statute by the United States Supreme Court is instructive, but not necessarily controlling. A construction by the Oregon Supreme Court, however, is controlling. Hence, we apply the construction in *Friedenthal.*

That part of the judgment remitting the principal amount of $3,000 to plaintiffs must be modified to remit only the rent that accrued from December 1, 1978, through December 28, 1978.

*MOOTNESS*

Defendant contends that when, prior to trial, she vacated the premises and tendered to plaintiffs the keys thereto, which plaintiffs accepted, the FED action became moot and the trial court erred in denying her pretrial motion to dismiss the action[2] and in entering a judgment for restitution of the premises. The basic controversy — the plaintiffs' right to possession — became moot when defendant relinquished possession of the premises, *Pacific Northwest Development*

---

[2] The defendant characterizes the motion as one for nonsuit. It is stated in 1 Bancroft's Code Practice and Remedies § 491, at 738 (1927), that "when the question involved in a case becomes merely a moot question, so that there is nothing left for adjudication, the cause will be dismissed [ on motion for involuntary nonsuit]." Yet, the grounds for nonsuit on motion by a defendant specified in former ORS 18.230(1)(c) are those that arise upon the trial, with the sole exception of a plaintiff's failure to appear when the action is called for trial. *But see, e.g., Bailey v. Mead,* 260 Or 410, 413-15, 492 P2d 798 (1971) (upholding involuntary nonsuit against plaintiff based on statement in pretrial offer of proof). Because plaintiffs and the trial court acquiesced in defendant's motion and assumed the issue of mootness was properly raised and preserved, we follow the lead of the Supreme Court in *Harris v. Northwest Natural Gas Company,* 284 Or 571, 573 n 1, 588 P2d 18 (1978), and assume the issue is properly before us.

*Corporation v. Holloway,* 274 Or 367, 370, 546 P2d 1063 (1976); W. Cunningham, Law of Forcible Entry and Detainer, § 92, at 111 (2d ed 1895), but other issues remained unresolved. The Supreme Court held in *Pacific Northwest Development Corporation v. Holloway, supra,* that when the question of right to possession in an FED action becomes moot, the action should not be dismissed "if there are still rights or liabilities that may be affected by its determination." 274 Or at 370. The "rights or liabilities" that remained in *Holloway* were attorney fees awarded the defendant on successfully defending against an FED action relating to residential property. The remaining issues here were plaintiffs' claims for costs and disbursements in the action due them under ORS 105.145, and for the amount of the continuance bond posted under ORS 105.140(1) which secured payment of rent accruing during the continuance. Both statutes provide that plaintiffs recover thereunder if judgment is rendered against the defendant. Since defendant refused to stipulate or consent to the entry of such a judgment, the trial court properly denied defendant's motion, and on plaintiffs' presentation of a prima facie case, properly rendered judgment for restitution of the premises.

### ATTORNEY FEES

The trial court erred, however, in awarding plaintiffs their attorney fees. The FED statutes, except insofar as they relate to residential property, neither authorize nor contemplate an award of attorney fees. The award of attorney fees was error and must be vacated.

That part of the judgment awarding attorney fees to plaintiffs is reversed, and we remand for modification in accordance with this opinion that part of the judgment remitting the principal amount of the continuance bond to plaintiffs. In all other respects, the judgment is affirmed.

Affirmed in part, reversed in part and remanded for modification.