Argued and submitted March 20, affirmed June 6, 1984

The FIRST INTERSTATE BANK OF OREGON,
*Respondent,*

*v.*

The BROADWAY MALL, INC.,
dba Broadway Mall Fish Market & Deli,
*Appellant.*

(232950; CA A28867)

682 P2d 821

Brad Littlefield, Portland, argued the cause and submitted the brief for appellant.

Steven R. Smucker, Portland, argued the cause for respondent. With him on the brief were Morrison, Dunn, Carney, Allen & Tongue, Portland.

Before Richardson, Presiding Judge, Warden and New-man, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant appeals a judgment of restitution of the premises entered after the court struck all of its affirmative defenses. We affirm.

Plaintiff filed an FED action in November, 1982, to recover possession of a restaurant. Trial was set over twice on the basis of defendant's promise to pay $8,200 to meet current rental obligations. The parties then agreed to arbitrate. Defendant paid $5,132.16 to plaintiff's attorney to disburse pursuant to whatever decision the arbitrator made. On April 15, 1983, the arbitrator awarded plaintiff $5,132.16 for rent through December, 1982, $2,233 for rent from January through April, 1983, $197.70 for property taxes and $1,500 for attorney fees. Defendant failed to pay the $2,233 within ten days, and plaintiff set the FED action for trial. At trial on May 4, 1983, defendant requested a continuance.

The court granted a continuance until June 6. The following discussion then took place among court and counsel:

"[Defendant's counsel]: [I]t is also my understanding that we'll put $2,500 in an interest bearing account at First Interstate Bank, up here at one of their branches . . . a trust account in my name to be disbursed at a later time depending upon the settlement or disposition of this matter.

"[Court]: Is that your understanding?

"[Plaintiff's counsel]: That's correct. In the event that the $2,500 is not deposited in an interest bearing account at First Interstate Bank . . .

"[Court]: Then they don't have much of a case because all of their affirmative defenses will be stricken."

Defendant interposed no objection to the court's statement.

At trial on June 6, plaintiff's attorney reminded the court of the May 4 agreement. He stated that defendant had not made the $2,500 deposit. Defendant argued that it was not necessary, because it had prepaid rent in excess of the fair rental value of the premises. The court, however, granted plaintiff's motion to strike defendant's affirmative defenses and, after trial on the remaining issues, entered judgment of restitution for plaintiff. On June 15, the sheriff removed defendant from the premises.

Defendant contends that the court lacked authority to strike its defenses and denied it due process of law under the Fourteenth Amendment. Plaintiff responds that the issue is moot, because defendant has surrendered possession. Plaintiff also argues that the court did not abuse its discretion but had imposed reasonable conditions on its grant of the continuance.

■ Defendant's appeal is not moot. The sheriff evicted it from the premises; it may still contest plaintiff's right to possession. *See Pacific N. W. Dev. Corp. v. Holloway,* 274 Or 367, 370, 546 P2d 1063 (1976); *Owen J. Jones & Son, Inc. v. Gospodinovic,* 46 Or App 101, 107, 610 P2d 1238 (1980).

■ ■ Generally, the court may grant continuances at its discretion, with or without terms. ORCP 52A. ORS 105.140(1) provides, however, that in an FED action the court shall not grant a continuance for longer than two days, unless "the defendant gives an undertaking to the adverse party with good and sufficient security, * * * conditioned for the payment of the rent that may accrue if judgment is rendered against the defendant." The statute, however, does not forbid the court from granting a continuance on different terms with the agreement of the parties. Plaintiff and defendant, with the court's approval, agreed to a continuance if defendant established the interest-bearing account pending the outcome of the action, with the understanding that the trial court would strike defendant's affirmative defenses if the deposit were not made. Defendant's contention that it had prepaid the rent and, therefore, was not required to make the deposit is not a sufficient excuse. By holding defendant to the agreement, the court did not abuse its discretion or deny defendant due process of law.

Affirmed.