**EDWARDS,**
*Respondent,*

*v.*

**FENN et ux,**
*Appellants.*

(C8712-0953; CA A47690)

768 P2d 942

Roy V. Smith, Albany, for petition.

No appearance *contra*.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM

Buttler, P. J., dissenting.

## PER CURIAM

In this FED action, defendants appeal from a judgment awarding restitution of leased premises to plaintiff. We affirmed the trial court without opinion, 93 Or App 625, 763 P2d 424 (1988), and defendants petition for review. We treat the petition as one for reconsideration. ORAP 10.10. The issues on the merits depended on whether plaintiff had a right to possession of the premises. Before trial, defendants abandoned the possession, and so the issue on the merits became moot. Because they had abandoned possession, contrary to what the dissent says, they could not become prevailing parties and be entitled to costs and attorney fees. The dissent's reliance on *Owen J. Jones & Son, Inc. v. Gospodinovic,* 46 Or App 101, 610 P2d 1238 (1980), is misplaced. There, the defendants, who had abandoned the premises, contended that the action for possession had become moot so as to deprive the plaintiff of costs and disbursements. Here, even though issues on the merits are moot and plaintiff has been awarded restoration of the premises, defendants contend that plaintiff is not the prevailing party. The contention is self-refuting.

Reconsideration denied.

## BUTTLER, P. J., dissenting.

In this FED action, defendants appealed from a judgment awarding restitution of the leased premises to plaintiff, together with costs and attorney fees. We affirmed without opinion. 93 Or App 625, 763 P2d 424 (1988). Because I·am persuaded that we and the trial court erred, I would allow defendants' petition for review and reverse and remand for further proceedings.

Plaintiff alleged that defendants were unlawfully holding the premises and that he was entitled to possession, because he had given defendants a 30-day notice to vacate, without cause, pursuant to a month-to-month tenancy. Plaintiff did not allege that the lease was written, and no copy of a lease was attached to the complaint. Defendants answered, denying that their tenancy was one that could be terminated without cause on 30 days' notice. They alleged affirmatively that, when they leased the premises from plaintiff, they had a certificate of eligibility for a federal rent subsidy program administered by the local housing authority. Plaintiff wanted

to rent to tenants who had such a certificate, and defendants agreed to make repairs to the premises that were necessary to pass the housing authority's inspection to determine whether the property met federal standards. Defendants made the repairs, completed the housing authority paperwork and scheduled the inspection, whereupon plaintiff reneged and gave the eviction notice, specifying no cause. They also alleged that, by the terms of the oral lease, their tenancy could not be terminated without cause.

In a counterclaim, defendants re-alleged their version of the lease with plaintiff, plaintiff's breach, the loss of their certificate and other damages. They sought to enjoin plaintiff from evicting them and from charging them any more in rent than they would have been required to pay under the subsidized lease. In the alternative, they sought damages.

Shortly after they filed their answer, defendants[1] vacated the premises, whereupon plaintiff moved to strike their answer and affirmative defenses, on the ground that "they were moot," and to strike the counterclaim on the ground that it was not permitted in an FED. The trial court granted the motions and entered the judgment from which defendants appeal.

Defendants contend that the trial court erred in striking their defenses and entering judgment for plaintiff. I agree. Although the issue of plaintiff's right to possession became moot when defendants relinquished possession to him, issues remained as to entitlement to attorney fees and costs. Resolution of those issues depended on who was the prevailing party on the issues framed by the pleadings. If plaintiff was entitled to terminate the lease without cause on 30 days' notice, he prevails; if not, defendants prevail. That has not yet been determined, because defendants' answer was stricken. If the parties had agreed, the court could have dismissed the case as moot; short of that, it was necessary to decide the merits to determine who was entitled to attorney fees and costs as the prevailing party. *See Pacific N.W. Dev. Corp. v. Holloway,* 274 Or 367, 546 P2d 1063 (1976).

In *Owen J. Jones & Son, Inc. v. Gospodinovic,* 46 Or App 101, 107, 610 P2d 1238 (1980), we said:

---

[1] Actually, one defendant had vacated the premises before this action was filed.

"Defendant contends that when, prior to trial, she vacated the premises and tendered to plaintiffs the keys thereto, which plaintiffs accepted, the FED action became moot and the trial court erred in denying her pretrial motion to dismiss the action and in entering a judgment for restitution of the premises. The basic controversy—the plaintiffs' right to possession—became moot when defendant relinquished possession of the premises, *Pacific Northwest Development Corporation v. Holloway,* 274 Or 367, 370, 546 P2d 1063 (1976); W. Cunningham, Law of Forcible Entry and Detainer, § 92, at 111 (2d ed 1895), but other issues remained unresolved. The Supreme Court held in *Pacific Northwest Development Corporation v. Holloway, supra,* that when the question of right to possession in an FED action becomes moot, *the action should not be dismissed* 'if there are still rights or liabilities that may be affected by its determination.' 274 Or at 370. The 'rights or liabilities' that remained in *Holloway* were attorney fees awarded the defendant on successfully defending against an FED action relating to residential property. The remaining issues here were plaintiffs' claims for costs and disbursements in the action due them under ORS 105.145, and for the amount of the continuance bond posted under ORS 105.140(1) which secured payment of rent accruing during the continuance. Both statutes provide that plaintiffs recover thereunder if judgment is rendered against the defendant. Since defendant refused to stipulate or consent to the entry of such a judgment, the trial court properly denied defendant's motion, and *on plaintiffs' presentation of a prima facie case, properly rendered judgment for restitution* of the premises."[2] (Footnote omitted; emphasis supplied.)

The same is true here. Accordingly, I would reverse and remand for further proceedings not inconsistent with this opinion.

Defendants also contend that their counterclaim was improperly dismissed. ORS 105.132 governs counterclaims in FED actions:

"No person named as a defendant in an action brought under ORS 105.105 to 105.165 may assert a counterclaim unless the right to do so is otherwise provided by statute."

---

[2] Plaintiff in that case also claimed that its right to attorney fees remained an issue, even though the tenants had vacated the premises. We agreed that it was an issue that survived the mootness of the right to possession, but held that no statute authorized them in a commercial FED.

ORS 91.810 gives residential tenants the right to counterclaim in actions for the nonpayment of rent. This action is not for nonpayment of rent. Defendants cite no other statute affirmatively allowing counterclaims in other circumstances. Although ORS 91.865 permits a residential tenant the right to assert as a defense to eviction that it is in retaliation for his having complained to, or having expressed the intention to complain to, a government agency or the landlord about the housing or conduct of the landlord, it is not clear whether it authorizes a counterclaim. In any event, defendants have alleged no retaliatory motive for plaintiff's action and are, therefore, precluded from asserting their claim as a counterclaim to the FED. They may, however, have an independent action under ORS 91.800(2). There was no error in striking the counterclaim.

I would allow the petition for reconsideration and reverse and remand for further proceedings.