Argued and submitted April 5, the judgment of the district court and decision of the Court of Appeals reversed and remanded to the district court for further proceedings June 20, 1989

EDWARDS,
*Respondent on Review,*

*v.*

FENN et ux,
*Petitioners on Review.*

(TC C8712-0953; CA A47690; SC S35772)

775 P2d 1375

Roy V. Smith, Oregon Legal Services Corp., Albany, filed the brief and argued the cause for petitioners on review.

Brian P. Jackson, Albany, argued the cause for respondent on review.

Before Linde, Presiding Judge, and Carson, Jones, Gillette, Van Hoomissen and Fadeley, Justices.

CARSON, J.

**CARSON, J.**

This Forcible Entry and Wrongful Detainer (FED)[1] action was brought to recover possession of a residence. The facts are as follows:

In September 1987, plaintiff (landlord) rented a house to defendants (tenants). Tenants were eligible for a federal rent subsidy program, and landlord wanted to rent to tenants with such eligibility. Tenants repaired the house so that it might pass federal standards enforced by the local housing authority. On the day the housing authority was scheduled to inspect the house, however, landlord cancelled the inspection. Then, on October 29, 1987, landlord sent tenants a 30-day, no-cause eviction notice.

Tenant Peggy Fenn subsequently moved out of the house, but tenant Thomas Fenn remained. Consequently, on December 18, 1987, landlord initiated this action to recover possession of the house. On December 27, 1987, before the matter came to trial, tenant Thomas Fenn moved out of the house.

The parties appeared in district court on December 28, 1987. Tenants filed an answer in which they denied landlord's allegations and asserted two affirmative defenses alleging invalid notice and invalid service of notice. They also counterclaimed for injunctive relief and, alternatively, for damages.

Landlord then moved to strike the counterclaim. On January 11, 1988, the district court granted the motion, declared tenants' answer and affirmative defenses "moot," and awarded a judgment of restitution of the premises to landlord. The court also awarded attorney fees to landlord.

The Court of Appeals affirmed the decision of the district court. *Edwards v. Fenn,* 93 Or App 625, 763 P2d 424 (1988), *reconsideration denied,* 95 Or App 385, 768 P2d 942 (1989). We granted review to consider two issues: (1) whether tenant Thomas Fenn's departure from the house after the action began rendered the answer and affirmative defenses, in

---

[1] The Forcible Entry and Wrongful Detainer statutes are codified at ORS 105.105 to 105.165.

the district court's word, "moot"; and (2) whether tenants' right to counterclaim is provided by statute.

## "MOOTNESS"

■ Tenants argue that the district court erred: (1) in finding that they "removed themselves from the premises and returned possession" of the house; and (2) in concluding, on the basis of this finding, that their answer and affirmative defenses were "moot." According to tenants, they never conceded the right to possession of the house—they just "moved out." They argue that the district court should have decided whether landlord validly terminated the tenancy and, thus, was entitled to possession of the house and to attorney fees.

In so arguing, tenants rely upon *Pacific N.W. Dev. Corp. v. Holloway,* 274 Or 367, 546 P2d 1063 (1976). There the landlord brought an FED action to recover possession of a residence. After the district court entered a judgment for the tenants that included an award of attorney fees, the landlord appealed to the circuit court. The tenants then surrendered possession of the residence and argued that the action was "moot * * * 'because the object of the FED proceeding [possession] had been attained.'" *Pacific N.W. Dev. Corp. v. Holloway, supra,* 274 Or at 369-70. (Alteration in original.) (Footnote omitted.)

This court agreed that "the basic controversy between the parties—possession—was moot." *Id.* at 370. By this statement, the court meant that *physical possession* of the residence—as opposed to the *right to possess* the residence—was settled upon the tenants' departure. The tenants' departure, however, did not preclude the landlord from contesting the *right* to possession and, consequently, from contesting the award of attorney fees to the tenants. *Id.* at 370-71. The court came to this conclusion because an issue is not moot when a right depends upon resolving the issue and, in *Holloway,* "the right to attorney fees was dependent upon the correctness of the district court's judgment" that the tenants were entitled to possession. *Id.* (Footnote omitted.)

Here, the district court concluded that the answer and affirmative defenses were "moot" because tenants

"removed themselves from the premises and returned possession." In terms of the "basic controversy" between the parties—physical possession of the house—possession was, as it was in *Holloway,* an issue resolved by the time of the district court's decision.

The district court never decided whether landlord had the *right* to possession, yet it also awarded landlord attorney fees. In their answer, tenants contest the *right* to possession. The award of attorney fees was proper only if landlord was entitled to possession. Because the district court did not resolve this issue, it erred in giving a judgment of restitution of the premises and in awarding attorney fees to landlord.[2]

## THE COUNTERCLAIM

Tenants counterclaimed for: (1) an injunction barring landlord from evicting them from the house or from charging them more rent than could be charged under the federal rent subsidy program; or (2) damages for breach of their lease with landlord. They argue that the lease could not be terminated by a 30-day, no-cause eviction notice. The district court struck the counterclaim on grounds that the applicable statutes do not permit such a counterclaim.

As one might expect, the statutes resolve the issue. Turning first to the FED statutes, ORS 105.132[3] permits a defendant to counterclaim if "the right to do so is otherwise provided by statute." Another FED statute, ORS 105.115(3),[4] provides that, in an action to determine whether a tenancy or rental agreement has been validly terminated, the Residential

---

[2] *Accord First Interstate Bank v. Broadway Mall,* 68 Or App 587, 682 P2d 821 (1984); *Owen J. Jones & Son, Inc. v. Gospodinovic,* 46 Or App 101, 610 P2d 1238 (1980); *Marquam Investment v. Brewer,* 40 Or App 175, 594 P2d 1327 (1979).

[3] ORS 105.132 provides:

"No person named as a defendant in an action brought under ORS 105.105 to 105.165 may assert a counterclaim unless the right to do so is otherwise provided by statute."

[4] ORS 105.115(3) provides, in part:

"(3) In an action under subsection (2) of this section, ORS 91.700 to 91.895 shall be applied to determine the rights of the parties, including:

"* * * * *

"(b) Whether a tenancy or rental agreement has been validly terminated."

Landlord and Tenant Act (RLTA)[5] governs "the rights of the parties." Here, tenants contest whether landlord validly terminated their tenancy or lease. Thus, we look to the RLTA to determine whether they have a "right" to counterclaim.

Three RLTA statutes, when read together, say they do. First, ORS 91.725(2)[6] provides that a "right" under the RLTA may be enforced by an "action." Tenants seek to enforce the "right," provided by ORS 91.800(2),[7] to obtain an injunction or to recover damages for landlord's alleged noncompliance with their lease. Furthermore, ORS 91.705(1)[8] defines "action" to include "counterclaim." The Mississippi-like meandering of the statutes thus comes down to the following: Tenants have the right, enforceable by counterclaim, to obtain an injunction or to recover damages for landlord's alleged noncompliance with the lease.

## CONCLUSION

We summarize the conclusions of this case: (1) Before awarding attorney fees, the district court must determine whether landlord or tenants have the right to possession of the house; and (2) tenants' right to assert their counterclaim is provided by statute.[9]

The judgment of the district court and the decision of the Court of Appeals are reversed. The case is remanded to the district court for proceedings consistent with this opinion.

---

[5] The Residential Landlord and Tenant Act is codified at ORS 91.700 to 91.895.

[6] ORS 91.725(2)(b) provides:

"Any right or obligation declared by ORS 91.700 to 91.895 is enforceable by action unless the provision declaring it specifies a different and limited effect."

[7] ORS 91.800(2) provides:

"Except as provided in ORS 91.700 to 91.935, the tenant may recover damages and obtain injunctive relief for any noncompliance by the landlord with the rental agreement or ORS 91.770."

[8] ORS 91.705(1) provides:

"'Action' includes recoupment, counterclaim, setoff, suit in equity and any other proceeding in which rights are determined, including an action for possession."

[9] Because we remand this case for a determination, *inter alia,* about whether landlord was entitled to attorney fees, we do not decide whether tenants were entitled to a hearing on their objections to landlord's request for attorney fees.