Submitted on record and briefs January 7, reversed and remanded March 8, 2000

John Allen DILLINGHAM,
*Respondent,*

*v.*

Tammy SKILLINGS,
*Appellant.*

(98-02-0279C; CA A104073)

997 P2d 296

Janay Ann Haas and Oregon Legal Services filed the brief for appellant.

John Dillingham filed the brief *pro se*.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

**KISTLER, J.**

In this forcible entry and detainer (FED) action, the trial court entered judgment in landlord's favor because tenant had not given landlord written notice of the conditions that gave rise to her affirmative defense. We reverse and remand.

■■ ORS chapter 90 provides residential tenants with rights that may be asserted in an FED action. *Edwards v. Fenn*, 308 Or 129, 134, 775 P2d 1375 (1989). Some rights require written notice. *L & M Investment Co. v. Morrison*, 286 Or 397, 405-07, 594 P2d 1238 (1979). Others do not. *Id.* ORS 90.360(2) falls in the latter category. It authorizes a tenant to recover damages if the landlord fails to comply with the rental agreement or ORS 90.320. A tenant's right to recover damages under ORS 90.360(2) may be asserted as an affirmative defense to an FED action, *see Edwards*, 308 at 134,[1] but it may not be enforced if, among other things, "the landlord neither knew nor reasonably should have known of the condition that constituted noncompliance[,]" ORS 90.360(2).[2]

In this case, the trial court did not permit tenant to put on any evidence to support her affirmative defense once it determined that she had not given written notice. Because no written notice was required to assert a defense under ORS

---

[1] ORS 105.115(3), ORS 90.125(2), and ORS 90.100(1), read together, make clear that the right created by ORS 90.360(2) may be asserted as a "recoupment, counterclaim, [or] setoff" in an FED action. *See Edwards*, 308 Or at 134 (considering analogous issue).

[2] ORS 90.360(2) provides:

"Except as provided in this chapter, the tenant may recover damages and obtain injunctive relief for any noncompliance by the landlord with the rental agreement or ORS 90.320. The tenant shall not be entitled to recover damages for a landlord noncompliance with ORS 90.320 if the landlord neither knew nor reasonably should have known of the condition that constituted the noncompliance and:

"(a) The tenant knew or reasonably should have known of the condition and failed to give actual notice to the landlord in a reasonable time prior to the occurrence of the personal injury, damage to personal property, diminution in rental value or other tenant loss resulting from the noncompliance; or

"(b) The condition was caused after the tenancy began by the deliberate or negligent act or omission of someone other than the landlord or a person acting on behalf of the landlord."

90.360(2), we reverse and remand for proceedings consistent with this decision.

Reversed and remanded.