Argued and submitted July 9, 2007, petition for judicial review dismissed
January 23, 2008

Clara FRANK,
individually and as Trustee of the
Clara Frank Living Trust,
*Petitioner,*

*v.*

DEPARTMENT OF LAND CONSERVATION
AND DEVELOPMENT
and Department of Administrative Services,
*Respondents.*

Department of Land Conservation and Development
M129499; A134704

176 P3d 411

Hunter B. Emerick, Shannon Raye Martinez and Saalfeld Griggs PC filed the brief for petitioner.

Denise G. Fjordbeck, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim and Sercombe, Judges.

SERCOMBE, J.

## SERCOMBE, J.

Petitioner seeks review of an order by state agencies that waived the application of certain state land use regulations to her property. Petitioner contends that the agencies erred in not permitting a broader waiver of state law. We dismiss the petition for review because a recently enacted state law creates new standards and requires a new process for petitioner to obtain the desired waiver. A determination of the present controversy will not aid that process and serves no other purpose.

This case concerned the scope of Ballot Measure 37 (2004), adopted by the voters at the 2004 general election. Codified at ORS 197.352, the statute requires payment of "just compensation" to an owner of property if a public entity adopts or enforces a land use regulation that restricts the use of real property "or any interest therein," and the regulation reduces the fair market value of the "property, or any interest therein." ORS 197.352(1). Under the measure, no compensation is owed for the effects of regulations "[e]nacted prior to the date of acquisition of the property by the owner or a family member of the owner who owned the subject property prior to acquisition or inheritance by the owner, whichever occurred first." ORS 197.352(3)(E).

A public entity may choose not to apply the restrictive land use regulation instead of paying compensation for its effects. ORS 197.352(8) provides:

> "Notwithstanding any other state statute * * *, in lieu of payment of just compensation under this section, the governing body responsible for enacting the land use regulation may modify, remove, or not to apply the land use regulation or land use regulations to allow the owner to use the property for a use permitted at the time the owner acquired the property."

A choice to not apply a post-acquisition land use restriction is popularly referred to as a "Measure 37 waiver."

Petitioner owns a 225-acre parcel that is located in rural Marion County, outside the urban growth boundary of any city. She wishes to subdivide the property into smaller lots for residential uses. The property is zoned for exclusive farm use and that zoning inhibits its development into home

sites. Petitioner sought compensation under ORS 197.352 from the state because state regulations require the exclusive farm use zoning of her property. Those state regulations have required more restrictive zoning over time. The extent of petitioner's compensation claim depends on when she acquired the property because no compensation is owed for the effect of regulations "[e]nacted prior to the date of acquisition of the property by the owner" under ORS 197.352(3)(E).

The property was conveyed to petitioner and her husband, as tenants by the entirety, by a July 1, 1957, bargain and sale deed. On March 28, 1978, in order to terminate the survivorship function of the tenancy by the entireties, petitioner and her husband conveyed the property to their attorney under a bargain and sale deed. The attorney immediately conveyed the property back to the couple, as tenants in common, through a similar conveyance. Petitioner claims that she acquired the property in 1957 and that the 1978 transactions did not create a different acquisition date for purposes of ORS 197.352.

The acquisition time is important because state regulations on the use of farmland became more restrictive in 1975. As directed by 1973 legislation, the Land Conservation and Development Commission (LCDC) adopted statewide planning goals that became effective on January 25, 1975. Goal 3 (Agricultural Lands) required exclusive farm use zoning of "agricultural land" as defined by the goal and the preservation of agricultural land in parcel sizes appropriate to maintain the existing commercial agriculture enterprise in the area. OAR 660-015-0000(3) (1975). Another 1973 statute, ORS 215.263, required justification of any partition of land zoned for exclusive farm use under statutory policies on agricultural land use. Petitioner's property is "agricultural land" under the goal, and the use of the property was restricted by those laws.

Petitioner filed her compensation claim with the Department of Administrative Services (DAS), which determined the claim jointly with the Department of Land Conservation and Development (DLCD).[1] The order concluded that

---

[1] OAR 125-145-0010 to 125-145-0105 set out DAS regulations on the processing and determination of Measure 37 claims. A claim is filed with DAS initially and

the date of acquisition of the property by petitioner was March 28, 1978. The order therefore allowed the claim and granted a Measure 37 waiver as to the otherwise applicable portions of Goal 3, ORS chapter 215, and OAR chapter 660, division 13, adopted after March 28, 1978, the date of the conveyance and reconveyance of the property to petitioner and her spouse that changed its tenancy status.

Petitioner seeks review of that order, contending that the agencies misconstrued the meaning of "owner" under ORS 197.352(11)(C). That part of the statute defines "owner" as "the present owner of the property, or any interest therein." Petitioner argues that: "owner" includes any person who holds a legal or equitable right or claim to real property; she obtained equitable and possessory interests in the property in 1957 and retained those interests during the 1978 transactions; those property interests were devalued by state land use regulations adopted after 1957; and she is entitled to either compensation for that devaluation under ORS 197.352(1) or the nonapplication of those policies to her property interests under ORS 197.352(8).[2]

The viability of petitioner's claim is affected by amendments to ORS 197.352 enacted by the voters after the issuance of the order under review. The 2007 Legislative Assembly referred House Bill (HB) 3540 (Ballot Measure 49 (2007)) to the voters for consideration at a special November 2007 election. Measure 49 was enacted by popular vote and became effective on December 6, 2007. Or Laws 2007, ch 424.

---

then referred to the state agency that is the "regulating entity." A determination of the claim is made by DAS, the regulating entity, or both agencies. OAR 125-145-0090. Petitioner's claim was for the reduction in property value caused by post-acquisition state regulation of her property. A separate Measure 37 claim filing against Marion County would be necessary to avoid the application of post-acquisition county land use regulations.

[2] Petitioner's claim presents a number of questions about the meaning of ORS 197.352, including: (1) whether the use of any equitable or possessory right by petitioner in the property was restricted by state land use regulations under ORS 197.352(1); (2) whether those equitable or possessory rights are an "interest" in property that are separately subject to a devaluation claim under ORS 197.352(1) or whether "any interest" in real property means only legal property interests; (3) whether the "date of acquisition of the property by the owner" under ORS 197.352(3) means the time that legal ownership of property or a property interest is obtained; and (4) whether the waiver remedy under ORS 197.352(8) of allowing a use "permitted at the time the owner acquired the property" refers to the latest date of acquisition of a legal property interest by a tenant in common.

Measure 49 modifies ORS 197.352 by narrowing the circumstances that trigger its remedies and limiting the scope of those remedies.

In some circumstances, Measure 49 requires refiling and a new adjudication of a previously filed Measure 37 claim. Section 5 of the measure provides:

"A claimant that filed a claim under ORS 197.352 on or before the date of adjournment sine die of the 2007 regular session of the Seventy-fourth Legislative Assembly is entitled to just compensation as provided in:

"(1)    Section 6 or 7 of this 2007 Act, at the claimant's election, if the property described in the claim is located entirely outside any urban growth boundary and entirely outside the boundary of any city;

"(2)    Section 9 of this 2007 Act if the property described in the claim is located, in whole or in part, within an urban growth boundary; or

"(3)    A waiver issued before the effective date of this 2007 Act to the extent that the claimant's use of property complies with the waiver and the claimant has a common law vested right on the effective date of this 2007 Act to continue the use described in the waiver."

Because petitioner's property is outside an incorporated city and any urban growth boundary, and her ORS 197.352 claim was filed in 2006, petitioner may need to seek relief under sections 6 or 7 of Measure 49 if she wishes to further pursue a claim under ORS 197.352. Section 6 allows the creation of one, two, or three home sites on property that was the subject of a claim under ORS 197.352 if particular criteria are met. Section 7 allows four to 10 home sites for a previously filed claim under ORS 197.352 under even more particular circumstances. With a slight variance, both sections require that, on "the claimant's acquisition date, a claimant lawfully was permitted to establish at least the number of lots, parcels or dwellings on the property that are authorized under this section."[3] Section 21 of the measure defines a

---

[3] The text of this requirement varies slightly in sections 6 and 7 of Measure 49. Section 6 requires the claimant to show rights to establish "the number of lots, parcels or dwellings" on the acquisition date that are authorized by the section. Section 7 states this requirement to pertain to "the number of lots, parcels and dwellings."

claimant's "acquisition date." Section 21(3) specifies that, "[i]f a claimant conveyed the property to another person and reacquired the property, whether by foreclosure or otherwise, the claimant's acquisition date is the date the claimant reacquired ownership of the property."

■       Thus, Measure 49 requires a new process for petitioner to retain the waiver allowed in the order under review or to obtain any different relief. Because Measure 49 demands a new process and a substitute order on petitioner's desired relief, and because different substantive standards will be applied in that process, the current proceedings are no longer justiciable. A case is no longer justiciable and becomes moot when, because of a change in circumstances, a decision will merely resolve abstract questions without any practical effect. *State ex rel Juv. Dept. v. Holland,* 290 Or 765, 767, 625 P2d 1318 (1981). Here, a determination of the meaning of "date of acquisition" under ORS 197.352(3)(E), and "the time the owner acquired the property" under ORS 197.732(8), will provide no guidance to the parties because different standards will govern petitioner's development rights under Measure 49.

■       Following adoption of Measure 49, respondents filed a "notice of potential mootness." Respondents noted the need for reprocessing petitioner's claim under Measure 49 and the potential adoption of a new order that would replace the order under review. In response, petitioner asserts that her development rights are vested by virtue of partition approvals separately received from Marion County and her expenditures made to obtain those approvals. Petitioner argues that a decision by this court on her ORS 197.352 claim against the state might still have practical effect because section 5(3) of Measure 49 allows development under an ORS 197.352(8) waiver if the development rights have vested. Petitioner alternatively contends that she has property rights in the order under review that cannot be diminished by Measure 49 without payment of compensation under the takings clauses of the state and federal constitutions. Petitioner asserts that the order remains viable for that reason and subject to modification as a result of its review by this court.

Petitioner's asserted rights are linked to her allowed ORS 197.352 claim, that is, the state agencies' decision not to apply various state land use regulations enacted after March 28, 1978. But that decision is not at issue in this review proceeding. Even assuming that petitioner has future rights that arise from the allowed ORS 197.352(8) waiver, those potential rights do not make the present and different controversy—whether petitioner was entitled to a broader waiver under ORS 197.352(8) than provided by the state—justiciable. Whatever interest petitioner has in the application of Measure 49 to her allowed Measure 37 claim would not be affected by our determination of the disputed meaning of ORS 197.352 in this case.

With the exception of any vested rights to develop uses allowed by the agencies' order, an issue not affected by this review proceeding, Measure 49 requires petitioner to refile under sections 6 or 7 of the Act in order to develop her rural property inconsistently with the current zoning. There is no reason for this court to issue an opinion on whether DAS and DLCD correctly applied ORS 197.352 to petitioner when that statute has changed, other laws control petitioner's development rights, and those laws require a new application and administrative order.

Petition for judicial review dismissed.