Argued and submitted August 6, 2007, general and supplemental judgments vacated; remanded for entry of judgment dismissing plaintiff's claim
May 14, 2008

Duane L. OLSON,
*Plaintiff,*

*and*

S. David OLSON,
*Plaintiff-Respondent,*

*v.*

STATE OF OREGON,
by and through the
Department of Land Conservation and Development,
*Defendant-Appellant.*

Marion County Circuit Court
06C10222; A133922

184 P3d 1220

Denise G. Fjordbeck, Senior Assistant Attorney General, argued the cause for appellant. With her on the briefs were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Ross Day argued the cause for respondent. With him on the brief was Oregonians in Action Legal Center.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

## LANDAU, P. J.

Plaintiff[1] filed a claim under Ballot Measure 37 (2004), ORS 197.352 (2005), with the Department of Land Conservation and Development (DLCD). DLCD denied the claim on the ground that plaintiff is not an "owner" entitled to relief under Measure 37. The trial court reversed after a trial on stipulated facts, and DLCD appealed. In the meantime, the voters enacted Ballot Measure 49 (2007), ORS 195.300 to 195.336, which substantially—and retroactively—amends Measure 37 and applies to pending Measure 37 claims. The state filed a "Notice of Potential Mootness," pursuant to ORAP 8.45, on the ground that it appears that the new law supersedes the law under which plaintiff filed his claim and, more important, requires him to refile his claim under that new law. We agree with the state that the enactment of the new law has left us with no further justiciable controversy. We therefore vacate the judgment and remand for entry of judgment dismissing plaintiff's claim as moot.

As we have noted, the parties stipulated to the relevant facts. Plaintiff S. David Olson acquired a five-acre parcel of rural farmland in Marion County on September 21, 1964. A single-family dwelling had been constructed on that farmland. Some time after 1964, plaintiff's property was zoned for exclusive farm use (EFU), which, among other things, did not permit the construction of additional single-family dwellings. Over the years, the house on plaintiff's property fell into disrepair and became uninhabitable.

On March 1, 2004, plaintiff conveyed fee simple title in that property to his son, reserving "ownership" rights in the Christmas trees currently growing on the property, which included the right to enter onto the property to care for the trees and the right to severance. As security on the promissory note for the purchase price, plaintiff's son executed a trust deed naming plaintiff as the beneficiary in the event he failed to make payment.

---

[1] There were two plaintiffs, father and son, in the proceeding below. Father is the only respondent on appeal.

Measure 37 took effect on December 2, 2004. In brief, Measure 37 permitted an "owner" of property that is subject to land use restrictions to bring a claim either for the diminution in value resulting from those land use restrictions or for a waiver of the restrictions, subject only to restrictions that applied at the time the owner acquired the property. ORS 197.352(1), (8) (2005). On March 1, 2005, plaintiff and his son filed Measure 37 claims with DLCD, alleging that they wanted to rebuild the single-family dwelling located on their property but were prevented from doing so by state land use regulations and that the value of the property suffered as a result. They asked for monetary compensation or a waiver of the land use regulations.

On August 19, 2005, DLCD issued a final order on those claims. DLCD denied plaintiff's claim, determining that neither his interest in the Christmas trees nor his beneficial interest in the trust deed makes him an "owner" with a cognizable property interest under Measure 37. DLCD approved plaintiff's son's claim, concluding that he is an "owner" within the meaning of Measure 37. DLCD elected, in lieu of paying compensation, to not apply land use regulations to his property that were enacted after he acquired his interest in the property in 2004. That meant that neither plaintiff nor his son could rebuild the nonfarm dwelling on their property—because plaintiff was not a "owner" entitled to relief under Measure 37 at all and because plaintiff's son was entitled to a waiver of only those regulations that went into effect after he acquired the property in 2004.

Plaintiff and his son sought review of DLCD's order in circuit court. Before the circuit court, they argued that DLCD erred in concluding that plaintiff is not an "owner" for the purposes of Measure 37 and that DLCD further erred with regard to plaintiff's son in electing not to apply land use regulations from the date he acquired fee simple title from his father. Instead, they contended, the son's "waiver" should reach back to when the *family* acquired the property in 1964.

The circuit court upheld DLCD's order as to plaintiff's son. However, the court determined that DLCD erred in concluding that plaintiff is not an "owner" under Measure 37. The court concluded that both plaintiff's reserved interest in

the Christmas trees and his beneficial interest in the property through the trust deed qualify him as an "owner" entitled to a remedy under Measure 37. Consequently, the court "reversed and modified" DLCD's order to include the following provision:

"The State will not apply the following laws to S. David Olson's establishment of a single family dwelling on the 5.05-acre subject property[:] applicable provisions of Statewide Planning Goal 3, ORS [chapter] 215, and OAR [chapter] 660, division 33[,] enacted after September 21, 1964. These land use regulations will not apply to S. David Olson's use of the property only to the extent necessary to allow the claimant a use permitted at the time he acquired the property on September 21, 1964[.]"

The state then appealed. It assigned error only to the circuit court's determination that plaintiff is an "owner" within the meaning of Measure 37. Plaintiff's son did not cross-appeal the trial court's affirmance of DLCD's determination that his Measure 37 claim applied only to land use regulations adopted after he acquired the property in 2004.

In the meantime, Oregon voters enacted Measure 49. Or Laws 2007, ch 424. Measure 49, codified at ORS 195.300 to 195.336, became effective on December 6, 2007, and amends Measure 37 by limiting the availability and scope of its remedies. Measure 49 expressly applies to existing Measure 37 claims. It provides:

"A claimant that filed a claim under ORS 197.352 [renumbered 195.305] on or before the date of adjournment sine die of the 2007 regular session of the Seventy-fourth Legislative Assembly [June 28, 2007] is entitled to just compensation as provided in:

"(1) Section 6 or 7 of this 2007 Act, at the claimant's election, if the property described in the claim is located entirely outside any urban growth boundary and entirely outside the boundaries of any city;

"(2) Section 9 of this 2007 Act if the property described in the claim is located, in whole or in part, within an urban growth boundary; or

"(3)   A waiver issued before the effective date of this 2007 Act [December 6, 2007] to the extent that the claimant's use of the property complies with the waiver and the claimant has a common law vested right on the effective date of this 2007 Act to complete and continue the use described in the waiver."

Or Laws 2007, ch 424, § 5, *compiled as a note after* ORS 195.305 (2007) (brackets in compilation).

The state contends that, under the foregoing provisions, plaintiff has the option of either refiling his claim under the new law or electing not to refile and forgoing any relief. In the meantime, the state argues, whether plaintiff is an "owner" within the meaning of Measure 37 has become a moot point; if plaintiff elects to pursue his claim, that claim will be processed pursuant to the new law. Plaintiff has not responded to the state's contention. For the following reasons, we agree with the state.

As we have noted, Measure 49 expressly applies to claims filed under Measure 37. In a nutshell, Measure 49 applies in one of two ways, depending on whether the claim is still pending.

First, if a Measure 37 claim was still pending as of June 28, 2007, then Measure 49 provides that a claimant must seek compensation by reapplying under the new law. Depending on whether the affected property is located entirely outside any urban growth boundary and entirely outside the boundaries of any city, the requirements of that application—and the relief that may be obtained—may differ.

Second, if a claimant obtained a waiver of the application of land use regulations by a specified date—December 6, 2007—then the claimant retains the benefit of that waiver and need not reapply, but only if the claimant's use of the property complies with the terms of the waiver *and* the claimant has a "common law vested right" to complete and continue that use as of that date.

In this case, plaintiff's claim is still pending. There is no contention to the contrary. Further, there is no contention

that plaintiff obtained a waiver of land use regulations precluding him from rebuilding the nonfarm dwelling and that, as of the effective date of Measure 49, he had a "common law vested right" to rebuild the dwelling. Thus, if plaintiff wishes to pursue a claim either for compensation for the diminution in value to his property as a result of applicable land use regulations or for a waiver of those regulations, he must do so under Measure 49.

At this point, we cannot know whether plaintiff will elect to do that. In the meantime, as the state suggests, whether the trial court was correct in concluding that he was an "owner" entitled to relief under Measure 37 has become academic, in light of the superseding effect of Measure 49. We note that Measure 49 includes its own definition of "owners" entitled to relief under that law. It could be argued that we could simply determine whether plaintiff is entitled to relief as an "owner" under the new law. But, because we cannot know whether plaintiff will apply for relief under that law, any opinion as to its possible effect would be purely advisory. We lack authority to issue such an advisory opinion. *Brown v. Oregon State Bar*, 293 Or 446, 449, 648 P2d 1289 (1982).

We reached the same conclusion with respect to a similar situation in *Frank v. DLCD*, 217 Or App 498, 176 P3d 411 (2008). In that case, the petitioner and her husband first purchased a parcel of property in 1957, as tenants by the entirety. In 1975, statewide land use regulations went into effect that limited the use of the property. Meanwhile, in 1978, the petitioner and her husband decided to terminate the survivorship feature of their interest in the property. They deeded the property to their attorney, who then conveyed the property back to the couple as tenants in common. *Id.* at 501. Following the passage of Measure 37, the petitioner filed a claim, asking for compensation for the diminution in value to her property resulting from the statewide land use regulations or for a waiver of those regulations. *Id.* DLCD granted her a waiver, but only as to the land use regulations that went into effect after she reacquired the property in 1978. *Id.* at 501-02. The petitioner sought judicial review in the Court of Appeals, arguing that DLCD had misinterpreted the scope of the rights of an "owner" within the meaning of Measure 37. *Id.* at 502. Meanwhile, the voters

enacted Measure 49. We concluded that Measure 49 required the petitioner to refile her claim under the new law and that the adoption of the new law rendered her pending Measure 37 claim moot. *Id.* at 504-05. "There is no reason," we explained, "for this court to issue an opinion on whether * * * DLCD correctly applied [Measure 37] to [the] petitioner when that statute has changed, other laws control [the] petitioner's development rights, and those laws require a new application * * *." *Id.* at 505.

This case is not materially distinguishable from *Frank*. In both cases, the issue initially presented to us was the scope of the term "owner" as it was used in Measure 37. In both cases, Measure 49 was adopted after the submission of the case to this court. And, in both cases, because Measure 49 requires a new process for pursuing any remedies for the adverse consequences of any applicable land use regulations, any determination by this court as to the scope of the term "owner" under Measure 37 would have no practical effect on the rights of any party.

We therefore conclude that plaintiff's case is no longer justiciable.

General and supplemental judgments vacated; remanded for entry of judgment dismissing plaintiff's claim.