Argued and submitted September 24, 2009, judgment and supplemental judgment vacated; remanded for entry of judgment dismissing petition as moot June 2, 2010

## CHARLES WIPER INC.,
an Oregon corporation,
*Relator-Respondent,*

*v.*

## CITY OF EUGENE,
an Oregon municipal corporation,
*Defendant-Appellant.*

Lane County Circuit Court
160711976; A137776

232 P3d 985

Jona J. Maukonen argued the cause for appellant. With her on the briefs was Harrang Long Gary Rudnick P.C.

Aaron Noteboom argued the cause for respondent. With him on the brief were Rohn M. Roberts and Arnold Gallagher Saydack Percell Roberts & Potter, P.C.

Before Schuman, Presiding Judge, and Armstrong, Judge, and Ortega, Judge.

SCHUMAN, P. J.

## SCHUMAN, P. J.

Charles Wiper Inc. (Wiper), the relator in this mandamus case, petitioned the circuit court for a writ ordering the City of Eugene to process its Measure 37 claim. *See former* ORS 197.352 (2005) (Measure 37), *amended by* Oregon Laws 2007, chapter 424, section 4, *renumbered as* ORS 195.305 (2007) (Measure 49). The circuit court allowed the writ, issued a general judgment to that effect, and eventually awarded Wiper its attorney fees by way of a supplemental judgment. The city appeals both judgments, arguing that, by the time the court entered them, the action was moot as a result of the passage of Measure 49. We agree that the general judgment in this case was entered after the case had become moot; accordingly, we vacate the judgment and supplemental judgment and remand for entry of a judgment dismissing Wiper's petition.

The facts are undisputed. Wiper owns land within Eugene city limits. When it first acquired the property, the land was outside of the city limits; when it was subsequently annexed, it became subject to a variety of land use regulations to which it had not been subject before. According to Wiper, those land use regulations restrict the property's use and reduce its fair market value. Measure 37 went into effect in 2004; under that law, the city had to either waive enforcement of the land use regulations that did not apply to the property when Wiper acquired it or pay him compensation for the reduction in value that those regulations caused. In December 2006, Wiper filed a Measure 37 claim requesting that the city take one or the other of those actions. Under the Eugene City Code, the city council was required to take action on a Measure 37 claim within 180 days of its filing.[1]

---

[1] Eugene City Code 2.090(2) provided:

"Upon conclusion of any hearing, and prior to the expiration of 180 days from the date the claim was filed, the city council shall adopt a resolution that:

"(a) Determines that the claim is a valid claim and removes or modifies land use regulation(s) with respect to the subject property to allow the owner to use the property for a use permitted at the time the owner acquired the property;

"(b) Determines that the claim is a valid claim and compensation is due to the claimant in an amount set forth in the council's resolution;

"(c) Determines that the claim is a valid claim and that the city should acquire the property; or

"(d) Denies the claim."

The city, however, did not act on Wiper's claim within 180 days. In June 2007, well past the 180-day deadline, Wiper filed a petition for an alternative writ of mandamus that would compel the city to act on the Measure 37 claim or show cause why it was not required to do so. The alternative writ issued, and the city elected to defend its inaction.

In the meantime, the Oregon legislature was in the process of amending Measure 37. The amendments, which were passed by the legislature and referred to the voters as Measure 49, were passed during the general election on November 6, 2007. *See generally Corey v. DLCD*, 344 Or 457, 184 P3d 1109 (2008) (describing purpose and effect of Measure 49). In short, Measure 49 was intended to "extinguish and replace the benefits and procedures that Measure 37 granted to landowners." *Id.* at 465. By its terms, Measure 49 went into effect a month after the general election, on December 6, 2007.

On November 30, 2007—that is, after the voters passed Measure 49 but before its effective date—the circuit court held a hearing on Wiper's mandamus petition. The city contended that, in light of Measure 49, the issuance of the writ sought by Wiper would have no practical effect on the rights of the parties; Wiper's claim would be handled under the Measure 49 process rather than Measure 37. Hence, the city contended, Wiper's petition should be dismissed as moot. The city further contended that, on the merits, the writ should not issue because the city was under no obligation to process Wiper's claim until the city manager made a recommendation regarding the claim, which the manager still had not done.

Wiper took the position that "whether the City had a legal obligation [to process the claim] should be determined as of the date the Alternative Writ was issued [in June]" and not under Measure 49. As for the merits, Wiper argued that the city council could not foist responsibility for the delay onto the city manager. In Wiper's words, "the city is the city"—whether acting through the city manager or the city

council—and the city violated its own ordinance, whatever the reason for delay.

The circuit court agreed with Wiper on the question of mootness and on the merits, and on the same day as the hearing (November 30, 2007), the court issued an order stating, "Writ to issue, and [Wiper's counsel] shall prepare Writ." However, the court did not sign or enter a judgment at that time. Indeed, the general judgment regarding Wiper's petition was not signed until nearly a month later, on December 26, 2007, and it was not entered until January 4, 2008. The judgment stated,

> "Judgment is entered in favor of [Wiper] and against [the city]. A preemptory writ of mandamus is issued ordering [the city] to hold a public hearing, if one is to be held, not later than January 31, 2008, and to adopt a resolution pursuant to Eugene Code 2.090(2) with respect to [Wiper's] Measure 37 claim for compensation not later than February 11, 2008."

The writ, too, was signed on December 26, 2007, and issued along with the judgment.

On January 28, 2008, pursuant to the writ, the city held a public hearing on Wiper's Measure 37 claim. Shortly thereafter, the city council adopted a resolution denying the claim. Ten days later, the circuit court awarded attorney fees to Wiper by way of a supplemental judgment. *See* ORS 34.210(2) (court may, in its discretion, "designate a prevailing party and award attorney fees, costs and disbursements to the prevailing party" in a mandamus action). This appeal followed.

We begin with the question of mootness, a "species of justiciability." *First Commerce of America v. Nimbus Center Assoc.*, 329 Or 199, 206, 986 P2d 556 (1999). It is undisputed that, by the time the general judgment was entered in this case, Measure 49 had already gone into effect. Although the effect of Measure 49 on pending Measure 37 claims was subject to some debate at the time the circuit court ruled in this case, that debate has since been resolved. In *Corey*, the Supreme Court explained:

"[P]laintiffs' contention that Measure 49 does not affect the rights of persons who already have obtained Measure 37 waivers is incorrect. *In fact, Measure 49 by its terms deprives Measure 37 waivers—and all orders disposing of Measure 37 claims—of any continuing viability, with a single exception that does not apply to plaintiffs' claim. Thus, after December 6, 2007 (the effective date of Measure 49), the final order at issue in the present case had no legal effect.* It follows that resolution of the issue that the Court of Appeals decided in *Corey* and as to which we allowed review—whether the Court of Appeals or the circuit court has jurisdiction to review DLCD's final order respecting plaintiffs' Measure 37 claim—can have no practical effect upon the parties: If the order at issue has no continuing legal effect, then neither party can gain anything from review *in either forum.* The case is moot."

344 Or at 466-67 (first emphasis added). We have followed *Corey* in a number of cases involving ongoing Measure 37 claims, concluding in each that the case was moot as a result of Measure 49. *See, e.g., Bleeg v. Metro,* 229 Or App 210, 211 P3d 302 (2009) (vacating judgments and remanding for entry of judgment dismissing claims as moot in light of Measure 49); *Cyrus v. Board of County Commissioners,* 226 Or App 1, 202 P3d 274 (2009) (dismissing appeal as moot); *Olson v. DLCD,* 220 Or App 77, 184 P3d 1220 (2008) (vacating judgments and remanding for entry of judgment dismissing claim).

In light of *Corey* and subsequent case law, it is clear that, at least as of December 6, 2007, there was no justiciable controversy between Wiper and the city regarding the processing of the Measure 37 claim. *See Corey,* 345 Or at 466-67 (regardless of whether final order regarding Measure 37 claim should have been reviewed in circuit court or Court of Appeals, a decision regarding proper forum would not affect rights of the parties). That is so because, regardless of how Wiper's claim was subsequently processed after the writ issued—*i.e.,* whether the claim was granted or denied by the city—the city's decision would have had no viability under current law. *Id.* Rather, as of December 6, 2007, any such claim needed to be processed pursuant to Measure 49. Thus, the case was already moot when the circuit court entered the general judgment that is now before us. *Nimbus,* 329 Or at

206 ("[A] court of law exercising the judicial power of the state has authority to decide only justiciable controversies.").

Wiper offers two bases for upholding the general and supplemental judgments. First, Wiper focuses on the court's November order that the writ should issue, an order entered *before* Measure 49 went into effect. In Wiper's view, it would have been error for the court to dismiss the case as moot at that point based upon "the potential or subsequent effect of a law that was not in effect at the time the trial court rendered its decision."

The problem with that argument, however, is that the writ did not issue in November 2007. The writ issued along with the general judgment, neither of which was signed until late December. It is the judgment—not the court's November order—that finally determined the parties' rights and obligations. *See* ORS 34.240 (*"From the judgment of the circuit court * * * refusing to allow a mandamus, or directing a peremptory mandamus, an appeal may be taken in like manner and with like effect as in an action."* (Emphasis added.)); *State ex rel Lowell v. Eads*, 148 Or App 56, 60-61, 939 P2d 74 (1997) (order directing peremptory writ to issue is not a final, appealable action; mandamus statutes require entry of a judgment). Thus, regardless of whether the action was moot at the time of the November order, the court did not have authority to later enter the general judgment and issue the writ when, by that time, there was no longer any live controversy between the parties.[2]

Second, Wiper argues that this case is (and was) justiciable because, even if the underlying mandamus dispute was nonjusticiable, it nonetheless formed the predicate for the circuit court's attorney fee award. *See 2606 Building v. MICA OR I Inc.*, 334 Or 175, 179 n 2, 47 P3d 12 (2002) (a decision regarding the enforcement of a contract has a "practical effect on the rights of the parties" even after the terms of the

_____

[2] At oral argument, Wiper argued that, although the city argued at the November 30 hearing that the petition would be moot when Measure 49 went into effect seven days later, the city never renewed or updated its argument when mootness was no longer prospective and, for that reason, speculative. We conclude that the court was fully aware of the city's mootness argument and that a renewed and updated motion was not necessary in order to preserve its claim of error; and, in any event, the issue is one of justiciablity.

contract have expired, if the trial court's award of attorney fees depends on the correctness of the trial court judgment). Here too, Wiper's argument depends on an incorrect premise: that the circuit court had authority to enter the supplemental judgment after the case had become moot.

In *Kay v. David Douglas Sch. Dist. No. 40*, 303 Or 574, 738 P2d 1389 (1987), *cert den*, 484 US 1032 (1988), the Supreme Court addressed an issue similar to the argument that Wiper advances. In that case, the plaintiffs sought declaratory and injunctive relief to block formal prayer during high school commencement exercises. By the date of the circuit court's judgment, the commencement exercises were past. Nonetheless, the circuit court granted the requested relief and awarded costs and attorney fees to the plaintiffs. This court affirmed the judgment, stating in a footnote, "This appeal is not moot, however, because the award of attorney fees is predicated on plaintiffs' entitlement to an injunction." 303 Or at 577 (quoting *Kay v. David Douglas Sch. Dist. No. 40*, 79 Or App 384, 386 n 1, 719 P2d 875 (1986)).

The Supreme Court approached the issue differently:

> "The problem, however, is not whether the appeal was moot, but whether a justiciable controversy between the parties existed at the time of the circuit court's judgment. * * *
>
> "The judgment holding defendants liable for plaintiffs' attorney fees might have prevented the case from becoming moot on appeal, because that award depended on plaintiffs' success on the merits. But the award of attorney fees did not occur until the court signed a written order or judgment, which the court did only on June 28, 1984, more than a month after the scheduled commencement exercises."

303 Or at 577-78 (footnote omitted). When the judgment was entered, the court explained, "there was by that date nothing for the court to decide." *Id.* at 579. For that reason, "[t]he circuit court should have dismissed the proceedings after the commencement exercises were over. * * * As the judgment for attorney fees would fall along with the belated judgment entered by the circuit court, defendants' reasoning for maintaining their appeal also would disappear." *Id.*

The same reasoning applies here. The issue is not whether the appeal is moot; the question is whether the circuit court should have dismissed the proceedings once Measure 49 went into effect, because the issuance of the writ would no longer have had any practical effect on the rights of the parties. Here, as in *Kay*, the court's subsequent attorney fee award did not revive a controversy that had already become moot by the time the circuit court entered judgment on the merits. And, in the absence of a favorable judgment on the merits, Wiper had no entitlement to attorney fees as a "prevailing party." *See* ORS 34.210(2) (authorizing court to "award attorney fees, costs, and disbursements to the prevailing party" in a mandamus action); ORS 20.077(2) ("For the purposes of making an award of attorney fees on a claim, the prevailing party *is the party who receives a favorable judgment* or arbitration award on the claim." (Emphasis added.)); *cf. Crandon Capital Partners v. Shelk*, 342 Or 555, 564, 157 P3d 176 (2007) (considering whether the equitable entitlement to attorney fees under the "substantial benefit" doctrine remains a live controversy after the underlying claim becomes moot, and contrasting that equitable entitlement, which is not predicated on a favorable judgment on the merits, with "statutory provisions requiring that the plaintiff be a 'prevailing party' ").

Judgment and supplemental judgment vacated; remanded for entry of judgment dismissing petition as moot.