Argued and submitted December 2, 2020, reversed and remanded
September 15, 2021

John BIRCHALL
and Mireille Henriette Jeukens,
*Plaintiffs-Respondents,*

*v.*

Tyler MILLER and all others,
*Defendant-Appellant.*

Washington County Circuit Court
17LT09720; A170087

497 P3d 1268

In this forcible entry and detainer case, tenant appeals a general judgment awarding possession of certain residential real property to landlords after tenant had vacated the property at issue. Landlords argue that the judgment was necessary for the purpose of determining entitlement to attorney fees. Tenant maintains that the matter should have been dismissed as moot once he vacated the premises, and that the trial court erred in denying his motion to dismiss. *Held*: *Nordbye v. BCRP/GM Ellington*, 271 Or App 168, 349 P3d 639 (2015), the controlling case on this issue, held that, if an underlying claim becomes moot before the trial court enters judgment on the merits, an interest in attorney fees cannot revive or maintain the controversy. Therefore, the trial court erred when it did not dismiss the case as moot after tenant moved from the premises and there was no longer a live dispute about landlords' right to possess the property.

Reversed and remanded.

James Lee Fun, Jr., Judge.

Harry D. Ainsworth argued the cause for appellant. Also on the brief were Geoffrey B. Silverman and The Law Office of Geoffrey B. Silverman, LLC.

Kevin W. Luby argued the cause for respondents. Also on the brief was Luby/Daraee Law Group, P.C.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

LAGESEN, P. J.

Reversed and remanded.

**LAGESEN, P. J.**

In this forcible entry and detainer (FED) proceeding, tenant appeals a general judgment awarding possession of certain residential real property to landlords. Among other things, tenant assigns error to the trial court's denial of his motion to dismiss the proceeding as moot once he vacated the premises, thereby restoring possession to landlords. The court denied the motion based on its conclusion that it retained jurisdiction to resolve the merits of the parties' underlying dispute over possession for the sole purpose of determining whether landlords were entitled to attorney fees. Because that ruling is contrary to our decision in *Nordbye v. BCRP/GM Ellington*, 271 Or App 168, 349 P3d 639 (2015)—a case that neither party cited to us but that we are bound to follow—we reverse and remand for the trial court to dismiss the complaint.

Whether a proceeding is moot is a question of law, so we review for legal error a trial court's ruling on a motion to dismiss on mootness grounds. *See Nordbye*, 271 Or App at 174-75. Because a claim's mootness typically depends on events occurring after the filing of the complaint, we not only consider the allegations in the complaint, accepting them as true for purposes of the motion to dismiss, but also consider evidence of the subsequent events alleged to have mooted the case. *Id.* To the extent that the court made implicit or explicit factual findings regarding those subsequent events, we credit those findings if they are not challenged on appeal. *See id.* at 174 & n 5.

In this instance, the facts relevant to the issue of mootness are not disputed. In June 2016, plaintiffs entered into a rental agreement with defendant for a house. The term of the rental was to run from July 1, 2016 to June 30, 2017. When defendant did not vacate the premises by July 1, 2017, plaintiffs filed this proceeding on July 5, 2017. Plaintiffs alleged that defendant was "currently in possession of the Property," and that "[defendant's] tenancy of the Property expired on June 30, 2017, and Plaintiffs are entitled to possession of the Property." For relief, they requested "judgment for possession of the premises, court costs,

disbursements and attorney fees, pursuant to ORS 90.255 and/or 105.137(3)."

Defendant vacated the premises and delivered possession to plaintiffs on July 31, 2017.[1] After vacating the premises, defendant moved for summary judgment, asserting (among other things) that the proceeding should be dismissed as moot because possession of the premises had been restored to plaintiffs and defendant no longer contested plaintiffs' right to possession going forward. The trial court denied the motion. At trial—which took place more than 10 months after defendant vacated the premises—defendant again argued on multiple occasions that the court should dismiss the proceeding as moot. The court again declined to do so, concluding that plaintiffs were "essentially asking for a declaration about whether or not the tenancy to the property expired on June 30, 2017, and at that time, Plaintiffs are entitled to possession of the property."

On appeal, defendant points out that this is an FED action, not a declaratory judgment action, which is what the trial court effectively treated it as. Defendant further notes that, given the statutorily limited scope of FED proceedings, the only thing at issue was plaintiffs' right to possession of the premises. That, defendant asserts, rendered the action moot once possession was restored to plaintiffs and defendant no longer claimed any right to possession. Plaintiffs respond that the trial court remained empowered to determine whether they were entitled to possession as of the date they filed the proceeding for the purpose of determining whether plaintiffs should be awarded prevailing-party attorney fees.

We agree with defendant. Although neither side cited the case to us, our decision in *Nordbye* disposes of plaintiffs' contention that a trial court has jurisdiction to resolve an otherwise moot merits claim simply for the purpose of awarding prevailing-party attorney fees in connection with that claim.

---

[1] The parties dispute whether the terms of the lease permitted defendant to stay an extra month. The trial court ultimately ruled in favor of plaintiffs on that issue. Our conclusion that this case was moot obviates the need to address defendant's challenge to that ruling.

In *Nordbye*, the plaintiff, a qualified low-income tenant who had been evicted, brought a declaratory judgment action to enforce certain program requirements of the Low-Income Housing Tax Credit program against the defendant landlord, which was a participant in that program. *Nordbye*, 271 Or App at 170. The plaintiff then sought to certify the action as a class action. *Id*. Later, the plaintiff became ineligible for low-income housing and stipulated that she had no intention to move back to her apartment complex. *Id*. at 173. The defendant moved to dismiss on the ground that the plaintiff's claims became moot because, under those factual circumstances, a determination of whether the defendant was in compliance with the program requirements could have no practical effect on the plaintiff's rights. *Id*. at 173-74. The trial court denied the motion.

We reversed. Relevant to the issue before us, we rejected the plaintiff's argument that the trial court retained subject matter jurisdiction to resolve the merits of the plaintiff's claims for the sole purpose of determining entitlement to prevailing-party attorney fees. *Id*. at 181-84. Relying largely on our decision in *Charles Wiper Inc. v. City of Eugene*, 235 Or App 382, 232 P3d 985 (2010) (*Wiper*), we explained that "the trial court lacked jurisdiction and was required to dismiss the case after plaintiff's claims became moot as to the declaratory and injunctive relief, because the court had not entered a judgment in plaintiff's favor" at that time. *Id*. We explained further that, "[w]hen plaintiff's claims for declaratory and injunctive relief became moot, the trial court was foreclosed" from entering judgment in the plaintiff's favor on those claims. *Id*. Because the case became moot before the plaintiff had prevailed on her claims, the plaintiff's potential claim for attorney fees in the event that she prevailed "could not prevent the case from becoming moot." *Nordbye*, 271 Or App at 183; *see also Wiper*, 235 Or App at 390 (explaining that, once underlying claim becomes moot, "subsequent attorney fee award did not revive a controversy that had already become moot by the time the circuit court entered judgment on the merits").

As a procedural matter, this case cannot be distinguished in any persuasive way from *Nordbye*. Plaintiffs' claim, as alleged in their complaint, was for possession of

the premises. In particular, consistent with the narrow scope of an FED proceeding, they requested entry of judgment for possession of the premises. *See Bunch v. Pearson*, 186 Or App 138, 141-42, 62 P3d 878, *rev den*, 335 Or 422 (2003) ("Under ORS 105.105 to 105.168, the issue that is to be decided in FED cases is entitlement to possession." (Footnote omitted.)). Once possession was restored to them, and defendant no longer claimed any right to possession, the parties' dispute over possession became moot and the trial court no longer had jurisdiction to enter a judgment in plaintiffs' favor on that claim. That is because a judicial determination that landlords were entitled to possession could have no practical effect on plaintiffs' rights once plaintiffs had possession, apart from establishing an entitlement to attorney fees as the prevailing party on the claim of possession.[2] Just as was the case in *Nordbye*, because plaintiffs' claim for possession of the premises became moot before they prevailed on it, their potential claim for prevailing-party based attorney fees did not prevent the case from going moot.[3]

Opposing this result, plaintiffs argue that several of our cases have held to the contrary. None of those cases, however, stand for the proposition that a court may retain jurisdiction of an otherwise moot claim based on the

---

[2] Plaintiffs did not seek any other remedy in connection with their claim for possession, nor could they have done so within the narrow confines of an FED proceeding. *Bunch*, 186 Or App at 142 (only remedy available in an FED action is possession of premises); *see Bunch v. Lowry*, 313 Or App 398, 399, 496 P3d 660 (2021) (discussing limited scope of FED action). In other words, contrary to the trial court's perspective, plaintiffs did not seek a declaration of entitlement to possession as of the date of the filing of the complaint. Beyond that, plaintiffs have not demonstrated that declaratory relief is an available remedy in an FED proceeding, and we have located no authority for that proposition. *Class v. Carter*, 293 Or 147, 151, 645 P2d 536 (1982) (in an FED proceeding, "[t]he judgment is for restitution of the premises and nothing more"). If plaintiffs desired declaratory relief, their recourse was to file an action for a declaratory judgment.

[3] Plaintiffs originally pleaded that they were entitled to fees under ORS 90.255, which allows for an award of attorney fees to the prevailing party in an action under ORS chapter 90. They later amended their complaint to allege an entitlement to fees under the rental agreement, which also made fees contingent on prevailing-party status. Were entitlement to fees dependent on a statute or agreement authorizing fees under a different theory, the analysis might be different. In other words, our holding in this case is limited to the situation addressed in *Nordbye*, involving a court's authority to adjudicate an otherwise moot claim simply for the purpose of determining who, in the absence of mootness, would have been the prevailing party for purposes of a prevailing-party attorney fee award.

contention that the plaintiff would be entitled to attorney fees if the claim had not gone moot and the plaintiff had prevailed.

The first case on which plaintiffs rely is *Brennan v. La Tourelle Apartments*, 184 Or App 235, 56 P3d 423 (2002). In that case, which was an action for the return of personal property, the trial court dismissed the case as moot after the plaintiff recovered the property from the defendant. *Brennan*, 184 Or App at 239-40. The court declined to designate either party as the prevailing party or award attorney fees, apparently believing the whole dispute to be moot. *See id.* at 241-42. Although we upheld the court's determination of mootness, we concluded that the court erred when it did not designate defendant as the prevailing party for obtaining the dismissal. *Id.* at 244. We remanded so that the court could determine whether to exercise its discretion to award attorney fees to the defendant as the prevailing party. *Id.* at 245. We did not hold that the court retained jurisdiction to resolve the plaintiff's otherwise moot claim for possession simply to assess whether the plaintiff would have prevailed and been entitled to attorney fees if the case had not gone moot. *Id.* at 244-45. Rather, we held that the court was required to determine who prevailed based on the fact that the case properly was dismissed as moot. *Id.* at 245. In other words, *Brennan* stands for the proposition that, upon dismissing a proceeding as moot, a court retains jurisdiction to determine what party qualifies as the prevailing party *based on the dismissal* and, further, to award prevailing-party attorney fees where a statute or agreement authorizes an award of fees to the prevailing party.

The second case on which plaintiffs rely, *Pacific N.W. Dev. Corp. v. Holloway*, 274 Or 367, 546 P2d 1063 (1976), also presents a scenario different than the one here. In that case, also an FED, the district court awarded possession of the premises and attorney fees and costs to the defendant tenants. *Id.* at 369. The plaintiff landlord appealed. *Id.* During the pendency of the appeal, the defendants relinquished the premises to the plaintiff and argued that doing so mooted the appeal. *Id.* at 369-70. Rejecting that contention, the Supreme Court held that the award of attorney fees meant that the appeal was not moot and that the

circuit court retained appellate jurisdiction to review the correctness of the judgment on which the award of fees was predicated. *Id.* at 370-71. That is an entirely different scenario. As we explained when distinguishing a similar case in *Nordbye*, at issue in *Holloway* "was whether, under the circumstances, [the appellate review court] had jurisdiction to review a trial court judgment that had been entered when the trial court had subject matter jurisdiction." *Nordbye*, 271 Or App at 184. By contrast, in this case as was true in *Nordbye*, "the problem is that the trial court had not entered a judgment on the merits when [plaintiffs'] claims became moot and, accordingly, the *trial court* lacked jurisdiction to enter such a judgment." *Id.* (emphasis in original). And, because the trial court lacked jurisdiction to enter judgment on the merits in favor of the plaintiffs on a moot claim, the plaintiffs "could not become entitled to an award of prevailing-party attorney fees." *Id.*

The third and final case on which plaintiffs rely is *Edwards v. Fenn*, 308 Or 129, 775 P2d 1375 (1989). In that case, after the landlord filed an FED action, the tenants disputed that the landlord was entitled to possession, filed an answer and affirmative defenses, and counterclaimed for damages or injunctive relief, contending that the landlord was acting in breach of the rental agreement. *Id.* at 131-32. After the defendants vacated the premises, the trial court struck the counterclaim, declared the answer and affirmative defense to be moot, and entered judgment awarding restitution of the premises and attorney fees to the landlord. *Id.*

The Supreme Court reversed and remanded. It held that the tenants had the right to pursue their counterclaim and the trial court erred by striking it. *Id.* at 133-34. It held further that the court erred by awarding attorney fees to the landlord without ever having determined whether the landlord had a right to possession, something that—unlike the case here—the tenants continued to dispute even after moving out.[4] *Id.* at 132-33. Summing up its conclusions, the court explained that (1) the trial court could not award

---

[4] It is not clear from the facts of *Edwards* whether, in disputing the landlord's right of possession, the tenants were seeking to move back in or, instead, were just seeking related damages on their counterclaim.

attorney fees without determining which party had the right to possess the premises and that the court erred by not doing so; and (2) the tenants had a right to pursue their counterclaim in the FED proceeding because the particular counterclaim was one that was statutorily authorized. *Id.* at 134.

Although the conclusion is not free from doubt, we do not understand *Edwards* to hold that a court may resolve and enter judgment on an otherwise moot merits dispute simply for the purpose of awarding prevailing-party attorney fees. That is because the court was not called upon to address that question in *Edwards.* Instead, the explicit error was that the trial court awarded attorney fees to the landlord *without* ever determining that the landlord was entitled to prevail on the issue of the right-of-possession, and without addressing the tenants' answer, affirmative defenses, and counterclaim contesting the landlord's right of possession, even though the tenants continued to dispute the landlord's right of possession even after moving out. *Id.* at 132 (explaining that the tenants did not concede that the landlord had right of possession through act of moving out). As a result, because it did not expressly address the question, we do not read it to stand for the proposition—contrary to our decision in *Nordbye*—that a trial court retains jurisdiction to resolve an otherwise moot dispute about the right to possession in an FED proceeding simply for the purpose of ascertaining who would be entitled to attorney fees if the dispute had not gone moot before it could be resolved on its merits.

In sum, the trial court erred when it did not dismiss the case as moot after defendant moved from the premises and there was no longer a live dispute about plaintiffs' right to possess them. We therefore reverse and remand for dismissal of the complaint.

Reversed and remanded.