Submitted September 29, judgment of possession vacated October 27, 2021

WELLS FARGO BANK, N. A.,
as Trustee for Option One Mortgage Loan Trust
2006-2, Asset-Backed Certificates, Series 2006-2, S,
*Plaintiff-Appellant,*

*v.*

Sara MICHELOTTI
and all other occupants,
*Defendant-Respondent,*

*and*

ATLAS FINANCIAL SERVICES, et al.,
*Defendants.*

Hood River County Circuit Court
110015FD; A168953

500 P3d 764

Karen Ostrye, Judge.

Emilie K. Edling and Houser LLP filed the brief for appellant.

No appearance for respondent Sara Michelotti.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Judgment of possession vacated.

## PER CURIAM

This forcible entry and detainer (FED) action involves an appeal of a judgment that was entered seven years after the trial court's 2011 ruling regarding the right to possession of the premises—a delay caused by defendant's failure to submit a judgment after the court announced its ruling in her favor.[1] Plaintiff argues that the trial court erred by entering the FED judgment after that significant delay, during which time any dispute over the right to possession had become moot. We agree and vacate the judgment.

The facts relevant to our disposition are relatively simple. Plaintiff initiated this FED action in 2011 seeking possession of property based on a trustee's deed from a non-judicial foreclosure sale following defendant's default on a loan obligation. Defendant successfully defended against the FED action, and the trial court found that plaintiff had not met its burden to establish an entitlement to possession based on the trustee's deed. The court's letter opinion directed defendant to prepare a judgment. She neglected to do so.

Meanwhile, plaintiff abandoned its position that it held title by virtue of the trustee's deed, including by recording a document to make clear in the title record of the property that plaintiff was no longer claiming title based on the trustee's deed. Instead, in 2017, plaintiff sought title or remuneration in a judicial foreclosure action.[2]

At that point, defendant belatedly presented a judgment in this FED action and asked the court to enter it. Plaintiff objected, arguing that the right to possession of the property based on the trustee's deed had long been moot. The trial court was reluctant to enter the judgment, explaining that "this really is untimely. And if I could find legal authority that would give me some direction in terms of not accepting this, I'd be inclined to not accept it." However, the court

---

[1] Our references to "defendant" in this appeal are to Michelotti.

[2] Plaintiff eventually prevailed in that action, and defendant's appeal of that judgment was consolidated with this appeal. However, because defendant did not file an opening brief, that appeal was severed from this appeal and dismissed. This appeal concerns only the judgment in the FED action.

ultimately concluded, based on its review of the statutes and court rules, that "I don't think there's really any authority for me to reject this proposed judgment," so it entered judgment on the merits in favor of defendant.

Plaintiff appeals, arguing that the court should not have entered the judgment after the case was already moot. We agree. As we recently explained in *Birchall v. Miller*, 314 Or App 521, 525, 497 P3d 1268 (2021), the issue to be decided in an FED case is entitlement to possession, and once there is no longer any dispute over the right to possession, the case is moot and a judgment on the merits cannot be entered simply to establish prevailing-party status. That is true regardless of whether the court had previously issued a letter opinion. *See, e.g.*, *Charles Wiper Inc. v. City of Eugene*, 235 Or App 382, 388, 232 P3d 985 (2010) ("It is the judgment—not the court's [earlier] order—that finally determined the parties' rights and obligations.").[3]

Because this FED action was moot by the time defendant proposed the judgment determining possession, the trial court erred by entering it. We therefore vacate the judgment.

Judgment of possession vacated.

---

[3] As the facts above demonstrate, this is not a circumstance in which a party has attempted to moot a case after a ruling but before judgment can be entered; we express no opinion on the application of mootness principles in that circumstance.