Argued and submitted February 25, 2020, affirmed December 22, 2021

VANNETT PROPERTIES, LLC,
*Petitioner-Appellant,*
*v.*
LANE COUNTY,
*Respondent-Respondent,*
*and*
Milton DECKER
and Mary Decker,
*Intervenors-Respondents-Respondents.*

Lane County Circuit Court
18CV51256; A170438

504 P3d 6

Petitioner appeals from a general judgment entered in a writ of review proceeding that affirmed the Lane County Board of Commissioners' ruling, which concluded that intervenors, and not petitioner, "may select which [of their 15 lots] to convert to authorized home sites." Petitioner, an owner of one of those 15 lots, challenges the trial court's conclusion, arguing that the home site authorization, which was originally granted to intervenors under Measure 49, "was a property right that attached" to the lot that petitioner purchased. Intervenors respond that the court correctly concluded that, when a Measure 49 property contains multiple lots, the conveyance of an individual lot from a claimant to a subsequent owner does not automatically transfer a Measure 49 home site authorization. Alternatively, intervenors argue that they retained their ability to "select which existing lots to convert to authorized home sites" pursuant to the Department of Land Conservation and Development's Final Order and Home Site Authorization. *Held*: The trial court did not err when it concluded that it was intervenors, and not petitioner, that may select which of the 15 lots to convert to a home site. The final order specifically gave intervenors—as claimants—the authority to "select which existing lots, parcels or dwellings to convert to a home site," not petitioner. Moreover, the authority to convert a lot to an authorized home site is not automatically transferred from a claimant to a subsequent owner simply by the sale of a lot.

Affirmed.

Debra E. Velure, Judge.

William H. Sherlock, argued the cause for appellant. Also on the briefs was Hutchinson Cox.

Michael M. Reeder argued the cause for respondents Milton Decker and Mary Decker. Also on the brief was the Law Office of Mike Reeder.

No appearance for respondent Lane County.

Before Lagesen, Presiding Judge, and Powers, Judge, and Kamins, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Petitioner appeals from a general judgment entered in a writ of review proceeding that affirmed a ruling by the Lane County Board of Commissioners, which concluded that intervenors, and not petitioner, "may select which [of their 15 lots] to convert to authorized home sites." Petitioner, an owner of one of those 15 lots, challenges the trial court's conclusion, arguing that the home site authorization, which was originally granted to intervenors under Measure 49, "was a property right that attached" to the lot that petitioner purchased. Intervenors respond that the court correctly concluded that, when a Measure 49 property contains multiple lots, the conveyance of an individual lot from a claimant to a subsequent owner does not automatically transfer a Measure 49 home site authorization. Alternatively, intervenors argue that they retained their ability to "select which existing lots to convert to authorized home sites" pursuant to the Department of Land Conservation and Development's (DLCD) Final Order and Home Site Authorization. We agree with intervenors' alternative argument. Given our resolution of the case, we need not address the parties' other contentions. Accordingly, we affirm.

Before turning to the pertinent facts of this case, we briefly describe the statutory context in which this dispute arises.[1] In 2004, Measure 37 was adopted by the voters through the initiative process, Or Laws 2005, ch 1, and codified as *former* ORS 197.352 (2005). Under Measure 37, the state is required to pay "just compensation" when a "public entity enacts or enforces a new land use regulation or enforces a land use regulation enacted prior to [the effective date of Measure 37], that restricts the use of private real property or any interest therein." *Former* ORS 197.352(1) (2005). However, "in lieu of payment of just compensation," a public entity could choose to "modify, remove, or not to apply the land use regulation or land use regulations to allow the owner to use the property for a use permitted at the time the owner acquired the property." *Former* ORS 197.352(8)

_____

[1] For a more detailed explanation of the history of zoning laws in Oregon, *see Friends of Yamhill County v. Board of Commissioners*, 351 Or 219, 222-25, 264 P3d 1265 (2011).

(2005). That authorization has been referred to as a Measure 37 waiver. *See Frank v. DLCD*, 217 Or App 498, 500, 176 P3d 411, *rev den*, 345 Or 175 (2008) ("A choice to not apply a post-acquisition land use restriction is popularly referred to as a 'Measure 37 waiver.'").

Measure 37 was later modified by way of Measure 49, which was referred by the legislature and adopted by the voters in 2007 and was subsequently amended in 2009. Or Laws 2007, ch 424; Or Laws 2009, ch 855. Measure 49, with one exception not applicable here, retroactively voided those "Measure 37 waivers." *Corey v. DLCD*, 344 Or 457, 466-67, 184 P3d 1109 (2008). However, under Measure 49, section 6, a claimant who filed a Measure 37 claim prior to 2007 may still be eligible for "three home site approvals." To receive a home site approval, a claimant must establish that the property meets the qualifications of Measure 49, section 6(6), and, DLCD "must either deny the claim or approve the claim." Measure 49, section 8(7). If the claim for a home site is approved, DLCD must "state the number of home site approvals issued for the property and [DLCD's order] may contain other terms that are necessary to ensure that the use of the property is lawful." Measure 49, section 8(7).

With that statutory context in mind, we turn to the underlying facts of this case, which are undisputed and mostly procedural. In 2006, intervenors filed claims under Measure 37, listing 15 tax lots. During that process, Measure 49 was adopted by the voters. At that point, intervenors requested, pursuant to Measure 49, section 6, supplemental review of their Measure 37 claims, which entitled DLCD to authorize up to three lots or parcels to be converted to a home site.

DLCD approved intervenors' claim for three home sites under Measure 49, section 6. The Measure 49 claim included 15 lots and one existing dwelling. The final order allowed intervenors two additional dwellings on their property. Specifically, the final order provided, in part:

> "The claimants may use a home site approval to convert a lot, parcel or dwelling currently located on the property on which the claimants are eligible for Measure 49 relief to an authorized home site. If the number of lots, parcels or

dwellings existing on the property on which the claimants are eligible for Measure 49 relief exceeds the number of home site approvals the claimants qualify for under a home site authorization, the claimants may select which existing lots, parcels or dwellings to convert to authorized home sites, or may reconfigure existing lots, parcels or dwellings so that the number is equivalent to the number of home site approvals."

In 2011, intervenors sold the property at issue by way of a warranty deed. That property is one of the 15 lots subject to intervenors' Measure 49 claim. The subject property was sold again in 2014, and then finally sold to petitioner by way of a warranty deed in 2017. Nothing in any of those conveyance documents suggests that intervenors selected the subject property as one of the two remaining designated properties for a home site approval. To the contrary, in 2015, before petitioner purchased the subject property, the *then*-owner offered to pay intervenors $60,000 to have them select the subject property as one of the two remaining authorized home sites. Ultimately, they could not agree upon a price, and intervenors did not select the subject property as one of the eligible lots to receive the authorization for a home site.

In March 2017, the Lane County Land Management Division received a request for a Measure 49 dwelling from petitioner concerning the subject property. Almost a year later, the application was initially approved, but the planning director later reversed herself, revoked the earlier approval, and denied petitioner's application for a Measure 49 dwelling. Petitioner appealed to a Lane County hearing official, who affirmed the planning director's denial. Petitioner then challenged that decision before Oregon's Land Use Board of Appeals (LUBA), which concluded that it did not have jurisdiction and subsequently transferred the appeal to Lane County Circuit Court. *See* ORS 34.102(4) (setting out the requirement for transfer from LUBA to circuit court as a petition for writ of review under specified circumstances).

In the writ of review proceeding, petitioner argued that intervenors must identify the lots subject to the home site authorization prior to the sale of that parcel to a subsequent purchaser, otherwise that authorization runs with

the property. Petitioner's argument relied on Measure 49, sections 11(7) and 11(7)(b), which provides, in part:

"(7)   An authorization * * * to establish dwellings on the property, granted under section 6, 7 or 9, chapter 424, Oregon Laws 2007, runs with the property and may be either transferred with the property or encumbered by another person without affecting the authorization. There is no time limit on when an authorization granted * * * must be carried out, except that once the owner who obtained the authorization conveys the property to a person other than the owner's spouse or the trustee of a revocable trust in which the owner is the settlor, the subsequent owner of the property must create the lots or parcels and establish the dwellings authorized by a waiver under section 6, 7 or 9, chapter 424, Oregon Laws 2007, within 10 years of the conveyance.

"* * * * *

"(b)   A dwelling or other residential use of the property based on an authorization under section 6, 7 or 9, chapter 424, Oregon Laws 2007, is a permitted use and may be established or continued by the claimant or a subsequent owner[.]"

Petitioner asserted that read together, the trial court should have concluded that, (1) if "a property that was previously authorized by DLCD for a homesite is sold to a subsequent owner, that the right to build a dwelling runs with the property upon transfer," and (2) "that the property may be encumbered, including restrictions on residential development, but the original authorization is still valid." Petitioner additionally asserted that, because the transfer of the subject property was done by way of warranty deed, which under ORS 93.850(2) "shall convey the entire interest in the described property," the transfer of the subject property included intervenors' interest in the home site authorization. Intervenors reprised the argument that they made to the Lane County Hearings Official, *viz.*, that they maintained the right to select which of their 15 lots would benefit from their Measure 49 rights when "only a portion of 'the property' is sold."

The trial court agreed with intervenors' argument that a home site authorization "is not appurtenant and does not pass by mere conveyance of the underlying property."

Accordingly, because intervenors "did not select [the subject property] *** to convert to an authorized home site," that authorization did not "run with the property." The trial court denied petitioner's petition for review and affirmed the county's decision. This timely appeal followed.

On appeal, petitioner argues that "the trial court erred in determining that [petitioner] could not exercise [his] Measure 49 home site authorization" by inserting requirements into the language of Measure 49, section 11(7), that had been omitted. Additionally, petitioner argues that the transfer of property by way of a warranty deed included intervenors' interest in the Measure 49 home site authorization. Intervenors respond that the court correctly interpreted section 11(7) to mean that the Measure 49 authorization is not appurtenant. In the alternative, intervenors argue that, even if the Measure 49 authorization is appurtenant, the final order granted the authority to intervenors to select which "lots are to receive the benefit of Measure 49." We first address intervenors' alternative argument.

"[U]nder Measure 49, apart from local government involvement in the implementation of the approval and authorization of a dwelling, only DLCD *** grants or denies the claim to build additional dwellings[.]" *Bertsch v. DLCD*, 252 Or App 319, 329, 287 P3d 1162 (2012). That authority to grant a claimant a home site authorization rests solely with DLCD. *Id*. at 329. In making that approval, DLCD also has the authority to issue an approval that "contain[s] other terms that are necessary to ensure that the use of the property is lawful." Measure 49, section 8(7); *see also Bertsch*, 252 Or App at 330.

With Measure 49, section 8(7), in mind, the final order in this case that granted the home site authorizations to intervenors provides, in part:

"The claimants may use a home site approval to convert a lot, parcel or dwelling currently located on the property on which the claimants are eligible for Measure 49 relief to an authorized home site. If the number of lots, parcels or dwellings existing on the property on which the claimants are eligible for Measure 49 relief exceeds the number of home site approvals the claimants qualify for under a home site

authorization, the claimants may select which existing lots, parcels or dwellings to convert to authorized home sites, or may reconfigure existing lots, parcels or dwelling so that the number is equivalent to the number of home site approvals."

Here, intervenors' property had 15 lots on their property that were eligible to receive a home site authorization, which exceeded the maximum number of three home sites that were authorized by the final order. Because those 15 lots exceeded the maximum allowable home sites as authorized by the final order, that order specifically gave intervenors—as claimants—the authority to "select which existing lots, parcels or dwellings to convert to a home site." There is nothing in the final order, nor in Measure 49, that supports petitioner's contention that any of the subsequent owners of one of the lots described by the final order automatically gain the authority to select which existing lots will be converted to an authorized home site.[2] As the trial court observed, given the nature and character of the rights described in Measure 49, the authority to convert a lot to an authorized home site is not automatically transferred from a claimant to a subsequent owner simply by a sale of a lot, even if that sale was by way of a warranty deed.[3] Rather, a claimant must have designated the lot before the sale or affirmatively sold the authorization along with the lot for the subsequent owner to designate the lot under the terms of Measure 49.

In short, we conclude that the trial court did not err when it concluded that it was intervenors, and not petitioner, that may select which of the 15 lots to convert to a home site.

Affirmed.

---

[2] Given the circumstances of this case, we leave for another day whether the result would be different had intervenors sold the entirety of the real property described in their Measure 49 claim.

[3] Although it is true that a warranty deed conveys the entire interest in the described property, that principle applied to the circumstances of this case merely means that the deed would have transferred any interest flowing from the claimants' right under the final order to select which of the 15 lots to convert. That principle does not, as petitioner's argument suggests, alter the nature of the underlying interest by making claimants' right under the final order divisible, nor would the principle somehow transfer claimants' entire interest in the final order to petitioner, who is the subsequent owner of just one of the 15 lots.